McLEAN v CITY OF DEARBORN

Docket No. 309563. Submitted June 5, 2013, at Detroit. Decided August 1, 2013, at 9:00 a.m.

Patricia McLean brought an action in the Wayne Circuit Court against the city of Dearborn, seeking damages for injuries sustained when she stepped off a sidewalk and into a pothole in a road. Plaintiff's attorney sent a notification letter to the city's manager and mayor indicating that plaintiff had been injured after tripping and falling on a city street. Plaintiff's attorney subsequently responded to a communication from Broadspire, plaintiff's third-party claims administrator, giving full details about plaintiff's injuries, as well as the specific location of the accident. Defendant filed a motion for summary disposition, arguing that plaintiff had failed to provide presuit notice of her claim, as required by MCL 691.1404, because plaintiff had failed to adequately describe her alleged injuries and the exact nature of the defect. Plaintiff argued that any defects in the original notice were cured by the subsequent letter to Broadspire. The trial court, Daniel P. Ryan, J., denied defendant's motion, concluding that the original notice sufficiently described the nature of the defect by enclosing pictures of the defect and that plaintiff's letter to Broadspire, describing the nature of her injuries, was sufficient to satisfy the MCL 691.1404 notice requirement. Defendant appealed.

The Court of Appeals *held*:

1. For purposes of the highway exception to governmental immunity, MCL 691.1402(1), a person who is injured by reason of a governmental agency failing to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel, must timely notify the governmental agency that has jurisdiction over the roadway of the injury sustained, the nature of the defect, and the names of known witnesses, MCL 691.1404(1). Notice need not be provided in any particular form and is sufficient if it is timely and contains the requisite information. The required information does not have to be contained within the initial notice; it is sufficient if a supplemental notice received by the governmental agency within the 120-day period

contains the required elements. In this case, the trial court properly concluded that plaintiff's description of the nature and location of the defect in the original notification letter that was sent to the city manager and mayor satisfied the MCL 691.1404(1) notification requirement; any deficiency in the written description was remedied by the inclusion of photographs of the defect.

2. Plaintiff's original notice to defendant that she had received "significant injuries" did not comply with the notification-of-the-injury-sustained requirement of MCL 691.1404(1) because the description was inadequate to inform defendant of her actual injuries.

3. MCL 691.1404(2) requires that notice of the injury sustained and location of the highway defect may be served on any individual who may lawfully be served with civil process directed against the governmental agency. Under MCR 2.105(G)(2), service of process may be made on the mayor, the city clerk, or the city attorney of a city. However, for purposes of MCR 2.105(H)(1), service of process may be made on a defendant by serving an agent authorized by written appointment or by law to receive service of process. Broadspire was not authorized by statute or court rules to receive service of process on behalf of defendant The trial court erred by concluding that plaintiff's supplemental letter to Broadspire functioned as a supplemental notice under MCL 691.1404(2).

4. Defendant properly preserved the issue of deficient service of process by raising it in the trial court.

Reversed and remanded for entry of summary disposition in favor of defendant.

M. J. KELLY, P.J., dissenting, would have concluded that plaintiff established a question of fact whether she complied with the MCL 691.1404 notice requirement when she sent the supplemental letter to Broadspire and would have affirmed the trial court's denial of defendant's summary disposition motion.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — NOTICE OF INJURIES — SERVICE OF PROCESS — THIRD-PARTY CLAIMS ADMINISTRATOR.

For purposes of the highway exception to governmental immunity, notice to the alleged responsible governmental agency of the injury sustained and location of the highway defect that caused the injuries may be served on any individual who may lawfully be served with civil process directed against the governmental agency; under MCR 2.105(G)(2), service of process may be made on the mayor, the city clerk, or the city attorney of a city; for purposes of MCR 2.105(H)(1), service of process may be made on a defendant by serving an agent authorized by written appointment or by

law to receive service of process; absent an express written authorization, a third-party claims administrator is not authorized to accept service of process on behalf of a city defendant for purposes of notification of the injuries sustained from an alleged highway defect (MCL 691.1404[1] and [2]).

*Kaufman, Payton & Chapa* (by *Lawrence C. Atorthy*), for Patricia McLean.

*William H. Irving* and *Debra A. Walling* for city of Dearborn.

Before: M. J. KELLY, P.J., and MURRAY and BOONSTRA, JJ.

BOONSTRA, J. Defendant appeals by right the order of the trial court denying defendant's motion for summary disposition. Defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7) and (10) on the grounds of governmental immunity. Because we find that the trial court erred by concluding that plaintiff had satisfied the notice requirements of MCL 691.1404(1), and the defect was not cured by subsequent communications to defendant's third-party claims administrator, we reverse.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff alleged that she tripped and fell while stepping off a sidewalk onto a road in the city of Dearborn on July 11, 2008. She stated at her deposition that her left foot "went right into that pothole," causing her to fall and sustain injuries. After attempting to ice and rest her foot, plaintiff had her husband take her to Oakwood Hospital that same day. Plaintiff stated that "They took x-rays and told me my foot was broken and that I'd have to go in and have a cast put on."

Five days later, plaintiff's attorney sent a letter addressed to the "City Manager or Mayor's Office" of defendant. The letter stated in relevant part:

RE: OUR CLIENT: PATRICIA MCLEAN; DATE OF INCI-
DENT: JULY 11, 2008; LOCATION OF INCIDENT: PUB-
LIC STREET LOCATED DIRECTLY ACROSS FROM
1136 MASON STREET, DEARBORN, MICHIGAN 48124

Dear City Manager or Mayor:

Please be advised that my client, Patricia Mclean, sus-
tained a significant injuries [sic] as a result of tripping and
falling due to a hazardous and defective city street at the
above referenced location.

\* \* \*

On the above date, Ms. Mclean sustained the above-
mentioned injuries when she tripped and fell on a defective
portion of city street located directly across the street from
1136 Mason, Dearborn, Michigan. Enclosed you will find
color laser copies of photographs showing the exact location
where our client's injury occurred, as well as of the
hazardous defect that was allowed to remain on the street.

On September 16, 2008, plaintiff's attorney re-
sponded to a communication from Ms. Flory Morisette
of the Claims Department of Broadspire. The parties
agree that Broadspire is defendant's third-party claims
administrator (TPA). The letter stated in relevant part:

As you know, our office serves as counsel to [plaintiff], who
was seriously injured on city property on the referenced
date. Pursuant to your letter dated August 7, 2008, I have
enclosed multiple photographs of the exact location of the
raised, defective, and uneven portion of the "highway"
located directly across from 1136 Mason Street in the
public street in the City of Dearborn (see attached). In
addition, my client has sustained a fractured left foot and
has tretated [sic] at Oakwood Hospital and will seek follow
up care.

On July 8, 2010, plaintiff filed a complaint in the trial court, alleging numerous injuries, including a fractured left foot; head, neck and back injuries; injuries to the upper and lower extremities; permanent scarring; headaches; "severe shock"; "[s]evere humiliation and embarrassment"; and "severe, frequent and persistent pain," as well as aggravation of preexisting medical conditions. Plaintiff also described the defect as "a broken, deteriorated, cracked, crumbled, hole."

Defendant filed a motion for summary disposition, arguing that plaintiff had failed to provide adequate presuit notice of her claim pursuant to MCL 691.1404. Specifically, defendant argued that plaintiff had failed to adequately describe the alleged injuries sustained and the exact nature of the defect. Plaintiff responded that any defects in the original notice were cured by the subsequent letter to Broadspire.

The trial court agreed with plaintiff, concluding that the original notice sufficiently described the nature of the defect by enclosing pictures of the defect. The trial court further concluded that plaintiff's letter to Broadspire sufficiently described the nature of her injury to satisfy the notice requirement of the statute. The trial court therefore denied defendant's motion for summary disposition. Defendant moved the trial court for reconsideration, which the trial court denied. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's grant of summary disposition under MCR 2.116(C)(7) and (C)(10). *Oliver v Smith*, 290 Mich App 678, 683; 810 NW2d 57 (2010); *Maiden v Rozwood*; 461 Mich 109, 118; 597 NW2d 817 (1999). In reviewing a motion for summary disposition under MCR 2.116(C)(7), a court

considers the affidavits, pleadings, and other documentary evidence presented by the parties and accepts the plaintiff's well-pleaded allegations as true, except those contradicted by documentary evidence. *Oliver*, 290 Mich App at 683. In reviewing a motion under MCR 2.116(C)(10), the trial court considers affidavits, pleadings, depositions, admissions, and other evidence introduced by the parties to determine whether no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. MCR 2.116(G)(4); *Maiden*, 461 Mich at 119. The evidence submitted must be considered "in the light most favorable to the opposing party." *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011).

### III. NOTICE

The governmental tort liability act, MCL 691.1401 *et seq.*, provides immunity from tort claims to governmental agencies engaged in a governmental function, as well as governmental officers, agents or employees. The Legislature has set forth six exceptions to governmental tort immunity. *Lash v City of Traverse City*, 479 Mich 180, 195 n 33; 735 NW2d 628 (2007). Relevant here is the "highway exception" to governmental immunity, which allows a governmental agency to be liable for damages caused by an unsafe highway. MCL 691.1402(1) provides in relevant part:

> Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for

travel may recover the damages suffered by him or her from the governmental agency.

This exception is to be narrowly construed. *Grimes v Dep't of Transp*, 475 Mich 72, 78; 715 NW2d 275 (2006).

An injured person is required to timely notify the governmental agency having jurisdiction over the roadway of the occurrence of the injury, the injury sustained, the nature of the defect, and the names of known witnesses. MCL 691.1404(1); *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 200, 203-204, 219; 731 NW2d 41 (2007). Failure to provide adequate notice under this statute is fatal to a plaintiff's claim against a government agency. *Id.* at 219. MCL 691.1404 provides in relevant part:

> (1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3)[1] shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.
>
> (2) The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding.

Notice need not be provided in any particular form and is sufficient if it is timely and contains the requisite information. *Burise v City of Pontiac*, 282 Mich App 646, 654; 766 NW2d 311 (2009). The required information

---

[1] Subsection 3 refers to injured claimants under the age of 18 and is not relevant to the instant case.

does not have to be contained within the plaintiff's initial notice; it is sufficient if a notice received by the governmental agency within the 120-day period contains the required elements. *Id.*

MCL 691.1404 is "straightforward, clear, unambiguous" and "must be enforced as written." *Rowland*, 477 Mich at 219. Although under some circumstances this Court will conclude that a notice is sufficient despite a technical defect, see *Plunkett v Dep't of Transp*, 286 Mich App 168, 176-177; 779 NW2d 263 (2009), the plaintiff must at least "adequately" provide the required information. *Id.* at 178. " ' "Some degree of ambiguity in an aspect of a particular notice may be remedied by the clarity of other aspects." ' " *Id.* at 177, quoting *Jones v Ypsilanti*, 26 Mich App 574, 584; 182 NW2d 795 (1970), in turn quoting *Smith v City of Warren*, 11 Mich App 449, 455; 161 NW2d 412 (1968). Thus, in *Plunkett*, we found that any ambiguity in the plaintiff's description of the nature of the defect was remedied by the precise description of the defect's location, including the attached police report. *Id.* at 178-179.

### A. NOTICE OF THE LOCATION AND NATURE OF THE DEFECT WAS SUFFICIENT

Defendant argues first that plaintiff did not describe the exact nature of the defect. We agree with the trial court that the description of the nature and location of the defect in the original notification letter sent to the city manager and mayor, which included color photographs of the defect, was sufficient. Although the written description of a "hazardous and defective city street," standing alone, would not provide sufficient notice of the exact nature of the defect, defendant was also provided with color photos of the defect, and a

description of the defect as being located "directly across the street from 1136 Mason, Dearborn, Michigan." The pictures show a hole in the concrete surface of the road and provide landmarks, such as a light post, a large line in the concrete, and the doorway of the building directly across the street, which would assist defendant's agents in finding and repairing the defect. There are also close-up pictures of the defect. Any deficiency in the written description is therefore remedied by the inclusion of the photographs. *Plunkett*, 286 Mich App at 178-179.

We decline to accept defendant's argument that plaintiff admitted at her deposition that the photos did not accurately depict the defect. Plaintiff stated, in her deposition taken three years after the accident, that the hole in the picture was not "as crumbled looking" as she recalled it looking on the day of the accident, and agreed that it did not really represent how it looked when she fell. She further stated that it looked as though it was "not as deep" and "it could have been filled in."

The purpose of requiring notice is to provide the governmental agency with an opportunity to investigate the claim while it is fresh and to remedy the defect before another person is injured. *Plunkett*, 286 Mich App at 176-177. Nothing in MCL 691.1404, or our caselaw, indicates that a plaintiff can "undo" the sufficiency of the notice provided to a governmental agency at their deposition, especially by stating that, according to their three-year-old recollection, they remembered a pothole being deeper or more crumbled. Plaintiff did not state that the pictures *did not show* the defect or that she was *unable to state* that the defect caused her injury—instead she merely remarked that it appeared less crumbled and/or deep than she remembered. We decline to base the sufficiency of notice provided under

MCL 691.1404 on the vagaries of human memory; indeed the purpose of the notice requirement is precisely to avoid the sort of imprecision that may occur when testimony is taken and evidence collected years later, by allowing claims to be investigated when they are still fresh. *Id.* The notice provided was sufficient in its description of the nature and location of the defect.

### B. THE INITIAL NOTICE LACKED SUFFICIENT DESCRIPTION OF THE NATURE OF PLAINTIFF'S INJURY

Were that the only issue with the original notice, we likely would affirm the trial court. However, defendant also argues, and we agree, that plaintiff failed to describe "the injury sustained" as required by MCL 691.1404(1). Plaintiff stated in the initial notice that she had received "a significant injuries [sic]." This is a significant ambiguity that was not remedied by clarity in any other aspects of the notice. As we already noted, in 2010 plaintiff in fact alleged a whole host of injuries in her complaint; defendant was not provided with notice of those injuries. The description of plaintiff's injury contained in the original notice was thus wholly inadequate; plaintiff cannot be deemed to have complied, substantially or otherwise, with this statutory requirement. *Plunkett*, 286 Mich App at 176-177.

Plaintiff argues that she could not provide "an expert level of commentary" on her injury a mere five days after her accident, and invites this Court to consider a scenario in which she alleged that her ankle was sprained, only to lose her claim when it was discovered that her ankle was broken or that she had actually injured her tibia. This hypothetical situation is not before this Court. Rather, plaintiff knew, at a minimum, that she had fractured her left ankle, as she obtained medical treatment and x-rays the very day of the

accident. Yet the description of her injury did not even name a body part that was injured. Thus, while (and consistent with our precedents) we do not construe MCL 691.1404 in an overly restrictive manner, *Plunkett*, 286 Mich App at 176-177, so as to "make it difficult for the average citizen to draw a good notice," *Meredith v City of Melvindale*, 381 Mich 572, 579; 165 NW2d 7 (1969) (quotation marks and citation omitted), neither do we accept plaintiff's invitation to allow the statutory requirement to be satisfied by the mere recitation of the phrase "significant injury." To do so would essentially render this aspect of the MCL 691.1404(1) notice requirement illusory or nugatory in contravention of our canons of statutory construction. See *Apsey v Memorial Hosp*, 477 Mich 120, 131; 730 NW2d 695 (2007).

### C. THE LETTER TO BROADSPIRE WAS NOT SERVED IN ACCORDANCE WITH MCL 691.1404(2) AND MCR 2.105

Having determined that the initial notice to defendant was insufficient, we now determine whether the defect was cured by plaintiff's subsequent communication to defendant's TPA. Plaintiff is correct that all the information required by MCL 691.1404(1) does not have to be contained within the plaintiff's initial notice; it is sufficient if a notice received by the governmental agency within the 120-day period contains all the required elements. *Burise*, 282 Mich App at 654. However, we disagree that plaintiff's letter to Broadspire can be considered "notice" to defendant under MCL 691.1404(2). The statute provides that "notice may be served upon any individual . . . who may lawfully be served with civil process directed against the government agency . . . ." *Id*. MCR 2.105(G)(2) provides that service of process may be made on "the mayor, the city clerk, or the city attorney of a city." By the plain language of this statute and court rule, service on a TPA

is not sufficient. Judicial construction of MCL 691.1404 is not permitted. *Rowland*, 477 Mich at 219.

Plaintiff agrees that MCR 2.105(G)(2) does not provide for service of process on a TPA. However, plaintiff argues, for the first time on appeal, that MCR 2.105(H)(1) allows for such service in this case.[2] That court rule provides that service of process on a defendant may be made on "an agent authorized by written appointment or by law to receive service of process." *Id*.[3] Plaintiff argues that, by virtue of Broadspire's response to plaintiff's original letter, defendant represented to plaintiff that Broadspire was defendant's agent in this matter. Plaintiff cites *Burise*, 282 Mich App at 655, in support of this claim. In *Burise*, we held that a supplemental notice, *properly served*, may cure an inadequate initial notice. *Id*. Although the supplemental notice in *Burise* was served on defendant's representative, the issue in

---

[2] Plaintiff made no such argument in the trial court. The dissent nonetheless posits that the majority wrongly responds to this argument on behalf of defendant, since defendant had not addressed the argument before the trial court. The parties indeed confined their arguments before the trial court to whether service to Broadspire was valid under MCL 691.1404(2) and MCR 2.105(G)(2). And the plain language of that statute and court rule indicate that the service was defective. Plaintiff did not raise an argument under MCR 2.105(H)(1) until this appeal. Since plaintiff had not previously raised the argument, defendant properly responded to it for the first time on appeal. A party on appeal is not precluded from urging an "alternative ground for affirmance." *In re Herbach Estate*, 230 Mich App 276, 284; 583 NW2d 541 (1998). It is in that context that we address, and reject, plaintiff's argument. The dissent makes reference to waiver of appellate issues; indeed, if anyone, it would be *plaintiff* who waived our review of this alternate ground for affirmance by failing to raise the argument before the trial court. See *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008). We do not find that plaintiff waived this argument; but in considering it and rejecting it, we are confident that we do not overstep the role of this Court.

[3] As the dissent notes, this language also appears in MCL 600.1930.

*Burise* was whether MCL 691.1404(1) allowed piece-meal notice, not whether the service was defective. *Id.* As the *Burise* Court did not analyze whether service was proper under MCL 691.1404(2), and the opinion does not contain facts that indicate whether the defendant's representative was authorized to receive service under MCR 2.105(H)(1), we conclude that *Burise* does not aid plaintiff's position.

There is simply no record evidence in this case indicating that Broadspire was authorized by *written appointment* or *law* to accept service on behalf of defendant. MCR 2.105(H)(1). Plaintiff's claim appears to rest on the theory of apparent authority. *Central Wholesale Co v Sefa*, 351 Mich 17, 25; 87 NW2d 94 (1957), quoting 2 CJS, Agency, § 96 (b), pp 1210-1211 (" 'Whenever the principal, by statements or conduct, places the agent in a position where he appears with reasonable certainty to be acting for the princi-pal . . . an apparent authority results which replaces that actually conferred as the basis for determining rights and liabilities.' ") However, the claim must fail in light of the clear language of the relevant court rule and MCL 691.1404(2).[4] In the absence of any evidence of a written appointment of Broadspire as defendant's agent (for purposes of receiving service of process), or any law granting Broadspire such authority, plaintiff's

---

[4] The dissent also appears to rely on a theory of apparent authority, as it states that language from the letter from Broadspire "permits an inference that the City had authorized Broadspire to act on its behalf" and that "a reasonable fact-finder could infer that the City granted this authority to Broadspire in a written agreement." However, defendant's apparent appointment of Broadspire as a third party administrator in no way suggests or equates to a "written appointment . . . to receive service of process." We reiterate that judicial construction of MCL 691.1404 and MCL 600.1930 is not permitted because they are clear and unambiguous. *Rowland*, 477 Mich at 219.

letter to Broadspire simply did not function as a supplemental notice under the statute.[5]

Plaintiff again invites this Court to consider a hypothetical scenario in which a defendant engages outside counsel to contact plaintiff for more information about the claim, arguably barring the plaintiff from dealing or communicating directly with the defendant. Such a situation is not before this Court; nor do the notice requirements of MCL 691.1404 or the service requirements of MCR 2.105, govern all dealings between the parties. We see no great injustice in requiring plaintiffs seeking to provide notice to defendants under the statute to serve their notices on the correct parties. Although plaintiff asserts that there "should be no requirement that the supplemental notice be served upon the same cast of persons as identified in MCR 2.105(G)," we are not in a position to re-write the statute or the court rule. We reiterate that our Supreme Court has found this notice provision to be both constitutional and unambiguous. *Rowland*, 477 Mich at 219.[6]

---

[5] Additionally, we note that plaintiff's letter to Broadspire was not personally served, and the record does not contain evidence indicating it was served by "registered or certified mail" as required by MCR 2.105(A). Thus, even if we determined that Broadspire was authorized to accept service on behalf of defendant, that service would still have been defective under the relevant court rule.

[6] This is not to say that we are without sympathy for plaintiff's position. Indeed, we are troubled by the fact that plaintiff is seemingly penalized for doing that which defendant's TPA requested (in response to plaintiff's initial inadequate notice), i.e., providing additional information, only to determine later that it should have provided that information not to (or only to) the requesting TPA, but rather (or additionally) to such persons as may be "lawfully served with civil process" against defendant. MCL 691.1404(2). However, our sympathy is offset by the sheer inadequacy of the initially provided notice, as well as by the presumption that plaintiff knows the law. *Adams Outdoor Advertising v City of East Lansing (After Remand)*, 463 Mich 17, 27 n 7; 614 NW2d 634 (2000). Our Supreme Court has held that the applicable statute, MCL 691.1404, is "straightforward, clear, unambiguous"

Finally, plaintiff's waiver argument is simply incorrect. Plaintiff claims that defendant never raised the issue of deficient service of process until its motion for reconsideration. However, the record indicates that defendant in fact raised the issue at the motion hearing on the parties' cross-motions for summary disposition:

> MR. IRVING [Attorney for defendant]: Thank you, your Honor. I just wanted to point out with respect to that second notice, we, that is Broadspire is a third-party administrator that the city has been using to adjust certain claims. We didn't get this notice from Broadspire. . . . I just wanted to point out to the Court as well that even if that, we don't concede that that's a timely or proper notice because it wasn't to the city, it was to a third party.

> \* \* \*

> MR. IRVING: The statute requires service on the mayor, the clerk, or the city attorney of the notice.

Defendant also alleged in its first responsive pleading that plaintiff failed to give timely, adequate, and sufficient notice to defendant. There is no basis for concluding that defendant waived this issue, which was alleged in a responsive pleading and raised before and decided (at least implicitly) by the trial court in ruling on the parties' motions. See *Polkton Charter Twp v Pellegrom*, 265 Mich App 88, 95; 693 NW2d 170 (2005).

### IV. CONCLUSION

The unambiguous language of MCL 691.1404 requires this Court to reverse the trial court's denial of summary disposition on the grounds that plaintiff

___

and "must be enforced as written." *Rowland*, 477 Mich at 219. MCR 2.105 is no less clear and unambiguous. Our decision is therefore compelled by the plain language of the statute and court rule, without regard to our sympathies.

failed to provide a description of the injury she allegedly
suffered. Additionally, we hold that the defect in the
original notice was not cured by plaintiff's subsequent
communication with Broadspire.

Reversed and remanded for entry of summary dispo-
sition in favor of defendant. We do not retain jurisdic-
tion.

MURRAY, J., concurred with BOONSTRA, J.

M. J. KELLY, P.J. (*dissenting*). This appeal turns on
whether defendant, city of Dearborn, established that it
was entitled to summary disposition on the ground that
plaintiff, Patricia McLean, failed to give proper notice of
her claim as required by MCL 691.1404. On this limited
record, I conclude that McLean—at the very least—
established a question of fact as to whether she com-
plied with the notice requirement by providing a
supplemental notice to the city's third-party claims
administrator, Broadspire. Accordingly, I must respect-
fully dissent from the majority's decision to reverse the
trial court's denial of the city's motion for summary
disposition.

This Court reviews de novo a trial court's decision on
a motion for summary disposition. *Barnard Mfg Co, Inc
v Gates Performance Engineering, Inc*, 285 Mich App
362, 369; 775 NW2d 618 (2009). This Court also reviews
de novo the proper interpretation and application of
both statutes and court rules. *Brecht v Hendry*, 297
Mich App 732, 736; 825 NW2d 110 (2012).

The city moved for summary disposition on the
ground that it was immune from suit under the undis-
puted facts. See MCR 2.116(C)(7). In reviewing a mo-
tion under MCR 2.116(C)(7), courts must accept the
allegations stated in the plaintiff's complaint as true

unless contradicted by documentary evidence submitted by the movant. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). The moving party may support its motion under MCR 2.116(C)(7) with affidavits, depositions, admissions, or other admissible documentary evidence, which the reviewing court must consider. *Id.*, citing MCR 2.116(G)(5). However, if it is not apparent on the face of the pleadings that the moving party is entitled to immunity as a matter of law, the moving party *must* support its motion with affidavits, depositions, admissions, or other documentary evidence. MCR 2.116(G)(3). In determining whether to dismiss a claim under MCR 2.116(C)(7), the reviewing court must view the pleadings and supporting evidence in the light most favorable to the nonmoving party to determine whether the undisputed facts show that the moving party has immunity. *Tryc v Mich Veterans' Facility*, 451 Mich 129, 134; 545 NW2d 642 (1996).

Although governmental entities are generally immune from tort liability when "engaged in the exercise or discharge of a governmental function," MCL 691.1407, they remain liable for "bodily injury or damage" caused by their failure to keep highways under their jurisdiction in "reasonable repair," MCL 691.1402(1). However, the Legislature provided that, as a condition of recovery, a person injured by a governmental agency's failure to properly maintain a highway under its jurisdiction must serve the governmental agency with notice of the occurrence and the defect within 120 days of the injury occurring. MCL 691.1404(1). In the notice, the injured party must "specify the exact location and nature of the defect," must describe "the injury sustained," and must give the "names of the witnesses" about which the injured person knows at the time of the notice. *Id.*

The city moved for summary disposition on the grounds that McLean's notice was deficient. Specifically, the city argued that McLean's notice, which was dated July 16, 2008, did not include the exact nature of the defect and did not include a description of the injury that she sustained. The city attached a copy of the July 16, 2008 letter to its motion for summary disposition. On its face, that letter did not provide the city with an adequate description of McLean's injuries.

McLean argued in response to the city's motion that she had submitted two separate letters to the city, which together satisfied the notice requirements within the 120 period. *Burise v City of Pontiac*, 282 Mich App 646, 654-655; 766 NW2d 311 (2009). McLean attached the second letter to her brief; the second later was dated September 16, 2008, and addressed to Broadspire.

When McLean's September 16, 2008, letter is examined together with her letter from July 16, 2008, McLean plainly provided the city with the minimum notice required under MCL 691.1404. And the majority here seems to concede that the letters would, if read together, comply with the notice requirements. Nevertheless, the majority concludes that it cannot consider the second letter because McLean submitted the letter to Broadspire and—in its view—Broadspire could not accept the notice on the city's behalf.

The Legislature provided that the required notice "may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency . . . ." MCL 691.1404(2). In the case of a city, process must generally be served on the "mayor, city clerk, or city attorney." MCL 600.1925(2). But it can also be accomplished by sending it to the "person in charge of the office of any of the above-

described officers," MCL 600.1925, or to an "agent authorized by written appointment," MCL 600.1930.[1]

As can be seen from a cursory reading of these statutory provisions, McLean could properly serve her notice on persons other than the mayor, city clerk, or city attorney. Thus, the mere fact that she served her notice on someone other than the mayor, city clerk, or city attorney did not—standing alone—establish that her second notice was improperly served. Accordingly, the trial court correctly rejected the city's claim that it could not consider this letter because it was not addressed to the identified city officials.

Despite this, the majority rejects McLean's second letter because there "is simply no record evidence that Broadspire was authorized by *written appointment* or *law* to accept service" on the city's behalf. That is, the majority rejects the second letter because, in its view, McLean had the burden to present evidence that established that the city had authorized Broadspire to accept notice—and that it did so through a written instrument—before any notice sent to Broadspire could be considered. The problem with this contention is that the city never made that argument. The city never challenged Broadspire's authority to receive process; it merely argued that the notice had to be sent to its mayor, city clerk, or city attorney. And that argument was plainly incorrect. In engaging in the analysis that it does, the majority essentially faults McLean for failing to properly respond to a motion that the city never made—that is, the majority seems to anticipate the defect in the city's actual motion and solves that problem by making the argument that the city could have made had it thought to do so. But it is not this Court's obligation or

---

[1] These statutory provisions have been incorporated into our court rules at MCR 2.105(G) and MCR 2.105(H).

place to remedy the deficiencies in a party's position on a motion for summary disposition; rather, to ensure fundamental fairness in the litigation process, this Court will typically only consider the arguments actually made and the evidence actually presented in considering the propriety of a trial court's decision on a motion for summary disposition. See *Barnard Mfg*, 285 Mich App at 380-383 (stating that this Court will not consider evidence that was not actually identified by the parties and that it is not the courts' responsibility to advocate on a party's behalf); *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008) (noting that the parties must raise an issue before the trial court or waive appellate review).

Because the argument that the city actually made before the trial court was insufficient to warrant disregarding the letter to Broadspire, the trial court was not precluded from considering it. This is not to say that the city might not be able to establish that the second notice was invalid; it may be able to do just that in a properly supported motion for summary disposition, but the motion at issue here was not such a motion.

Even setting aside the fact that the city never made the argument on which the majority now relies to reverse the trial court's decision, I cannot agree with the majority's premise that McLean failed to minimally support her position with evidence that the city authorized Broadspire to receive process.

In response to the city's motion for summary disposition, McLean argued that she properly submitted a second notice to the city. In support of her contention, she attached her letter dated September 16, 2008, to her brief. She also provided evidence that the city's claims adjuster solicited this second letter in a letter dated August 7, 2008. When this letter is read in the light

most favorable to McLean, which we must do, see *Tryc*, 451 Mich at 134, a reasonable fact-finder could conclude that the city contractually delegated to Broadspire the authority to handle every aspect of all civil claims against the city—that is, a reasonable fact-finder could conclude that Broadspire was an agent for purposes of MCL 600.1930.

In the August 7, 2008, letter, Flory Morisette wrote to McLean's lawyer on Broadspire letterhead; she stated: "We are in receipt of your letter dated July 16, 2008 regarding the above claimant, Patricia McLean. We are the [third-party administrator] for the city of Dearborn under the self insured liability program." Morisette requested McLean's personal information and information about the accident and her medical treatment, including copies of her medical records and bills. Morisette closed the letter by requesting a meeting:

> We would like to meet at your office to talk with both you and your client. We will discuss her loss facts and injuries. Please contact your client to obtain several dates and times of availability and contact me immediately to schedule a meeting. We are looking forward to meeting you and your client in the very near future.

Morisette's statements strongly suggest that the city granted Broadspire the authority to handle McLean's civil claim. Although McLean sent her first letter to the city's mayor, Morisette stated that "we" (referring to Broadspire and its staff) are in "receipt" of that letter. A reasonable fact-finder could infer that Morisette was actually representing to McLean's lawyer that she and her company were the lawfully appointed representatives for the city; the fact-finder could also infer that Broadspire would not have had McLean's information or be "in receipt" of her first letter unless the city had *in fact* authorized Broadspire to act on the city's behalf.

A reasonable fact-finder could conclude that the administrator of a self-insured fund would have broad authority to handle claims, which may include the authority to receive future service of process. And this inference was further bolstered by Morisette's assertion that she—not an official from the city's office—wanted to meet with McLean and her lawyer to discuss McLean's injuries and the facts of her case. This last statement, again, permits an inference that the city had authorized Broadspire to act on its behalf. Finally, a reasonable fact-finder could infer that the city granted this authority to Broadspire in a written agreement. Thus, Broadspire's letter is evidence, however limited, that the city actually authorized Broadspire to act as the city's agent for purposes of MCL 600.1930. Consequently, the trial court could properly consider this second letter in determining whether McLean complied with the notice requirements.

On the record evidence and arguments properly before this Court, the city failed to establish that it was entitled to summary disposition on the ground that McLean did not give it proper notice under MCL 691.1404. Consequently, I would affirm.