# STATE OF MICHIGAN

# COURT OF APPEALS

WILDA WALLACE,

        Plaintiff-Appellee,

v

CITY OF DETROIT,

        Defendant-Appellant.

UNPUBLISHED
February 26, 2015

No. 316799
Wayne Circuit Court
LC No. 12-012073-NO

Before: CAVANAGH, P.J., and METER and SHAPIRO, JJ.

SHAPIRO, J. (*concurring*).

I concur. Plaintiff's timely sent notice of injury was clearly sufficient under *McLean v Dearborn*, 302 Mich App 68; 836 NW2d 916 (2013). The notice stated that the sidewalk defect was located at "the sidewalk in front of 6237 Perkins." As the majority notes, there is only one such address in the City of Detroit and as the photographs demonstrate, the defect was directly in front of the front entrance to that address.[1] In addition, the property owner has attested that city employees physically inspected the subject sidewalk in May 2011 (17 months before plaintiff's injury), marked the several-inch discontinuity between the two sidewalk slabs, and advised him that the city would repair the defect. While no repair took place, defendant concedes (at least for purposes of the motion at issue on appeal), that two weeks before plaintiff's injury, the city sent the property owner a notice of the defect. "The purpose of requiring notice is to provide the governmental agency with an opportunity to investigate the claim while it is fresh and to remedy the defect before another person is injured." *Id*. at 76. That purpose was plainly met in this case.

/s/ Douglas B. Shapiro

---

[1] Defendant cites several unpublished opinions of this Court, but in each, this Court noted that the notice at issue contained either the wrong address or no address.