# Order

Michigan Supreme Court
Lansing, Michigan

May 1, 2015

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

150343

CATHERINE N. MCCARTHY,
        Plaintiff-Appellant,

v

                                         SC: 150343
                                         COA: 316600
                                         Wayne CC: 12-016668-NO

CITY OF TRENTON,
        Defendant-Appellee.

_____/

On order of the Court, the application for leave to appeal the September 18, 2014 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

BERNSTEIN, J. (*dissenting*).

I respectfully dissent from this Court's decision to deny leave to appeal in this case, as I believe that the Court of Appeals' treatment of the notice requirements of the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, needlessly complicates the concept of notice and may lead to confusion among legal practitioners.

The GTLA provides an exception to governmental immunity for injuries arising out of highway defects. The statute defines "highway" as including—among other thoroughfares—public sidewalks. MCL 691.1401(c). To avail himself or herself of the exception, the injured person must give notice in accordance with MCL 691.1404, which states in relevant part:

> (1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3)[1] shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

> (2) The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served

---

[1] MCL 691.1404(3) extends the notice period in cases involving injuries to minors or to persons who are physically or mentally incapable of giving notice.

with civil process directed against the governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding.

In an action against a city, the individuals who may be served with notice under Subsection (2) are the mayor, the city clerk, and the city attorney. MCR 2.105(G)(2).

On February 5, 2012, plaintiff tripped and fell from a sidewalk in the city of Trenton, which is the defendant in this case. She sustained injuries requiring oral surgery and other dental work. Approximately two weeks after the incident, on February 21, plaintiff submitted notice via first-class mail to the city's mayor and the city clerk. The letter described the date and location of the incident and the nature of the defect and specified that there were no known witnesses to the fall. However, it did not describe the nature of plaintiff's injury. On February 23, a representative of Travelers Indemnity Company, which was defendant's insurer, contacted plaintiff's attorney by phone and received a brief description of plaintiff's injuries. That same day, Travelers sent a letter to plaintiff's attorney requesting medical documentation. Plaintiff's counsel submitted the relevant information in a series of letters dated March 5, March 12, and April 25, 2012. Subsequent negotiations between Travelers and plaintiff's attorney failed to satisfactorily resolve the case, and plaintiff filed suit against defendant on December 17, 2012.

Defendant moved for summary disposition under MCR 2.116(C)(7) because of plaintiff's failures to comply with the notice requirements—specifically, that plaintiff had sent notice via first-class mail rather than certified mail and had not provided information about her injuries to a proper party. The trial court denied this motion in an opinion and order dated May 16, 2013, determining that plaintiff had substantially complied with the notice requirements by serving the notice via first-class mail and providing her medical records to defendant's insurer within the 120-day limit.

However, the Court of Appeals reversed, following the reasoning of *McLean v City of Dearborn*, 302 Mich App 68 (2013). In a very similar factual situation, the *McLean* majority held that providing information regarding the nature of the injuries to the defendant's third-party claim administrator rather than an individual entitled to accept notice on the defendant's behalf under MCL 691.1404(2) rendered the notice deficient. *Id.* at 78-79. The *McLean* panel granted summary disposition in the defendant's favor. *Id.* at 83. The Court of Appeals panel in this case did not address the method of sending the initial notice, but determined that the notice was defective because the information regarding the nature of plaintiff's injuries was sent only to Travelers, an entity that was not entitled to accept process on defendant's behalf.

I disagree with the Court of Appeals' holdings in *McLean* and this case and find the reasoning of Judge MICHAEL KELLY's *McLean* dissent far more persuasive. As Judge KELLY noted, although process must generally be served upon the mayor, the city clerk,

or the city attorney, MCL 600.1925 (2), it can also be served upon authorized agents, MCL 600.1930. See also MCR 2.105(G) and (H). Therefore, the mere fact that the plaintiff in *McLean* had not served process on the mayor, the city clerk, or the city attorney was not enough in itself to render her notice improper. *McLean*, 302 Mich App at 86 (M. J. KELLY, J., dissenting). Examining the facts in the light most favorable to the plaintiff, Judge KELLY concluded that a reasonable fact-finder could have found that the city of Dearborn had contractually delegated the authority to handle civil claims against the city to the third-party administrator and that summary disposition in favor of the defendant was inappropriate. *Id.* at 88-89.

For similar reasons, I believe that summary disposition in favor of defendant was incorrect here. In this case, a mere two days after plaintiff informed the proper individuals of her claim against the city, her attorney was contacted about the claim by a representative from Travelers. Travelers specifically requested more information to assist it in evaluating plaintiff's claim. Plaintiff's counsel was directed to communicate with a Travelers representative. Under these circumstances, a reasonable jury could certainly conclude that Travelers was acting as defendant's agent. I would posit that a reasonable attorney would also reach this conclusion. This is particularly true given that the insurer here contacted plaintiff's counsel and negotiations took place between the insurer and plaintiff's counsel. Not only would an attorney likely infer that the insurer was acting as defendant's agent, but a serious ethical concern arises here—if plaintiff's counsel believed that an individual at Travelers was acting as defendant's legal representation in this matter, it would be standard practice to thenceforth communicate solely with that person. Plaintiff's counsel might have felt unable to send communications—in this case, the medical records—directly to the mayor or the city clerk at the risk of communicating directly with a represented party in violation of MRPC 4.2.

From a practitioner's perspective, the Court of Appeals' result could negatively affect working relationships in the legal community. At its heart, notice should be a constructive concept; when litigants indisputably have actual notice of the relevant information underlying a suit, we need not elevate form over substance by barring suits because of technical defects in notice that have no effect on the parties' actual knowledge. An entity should not be able to escape liability by technicalities when it has actual notice of the claims against it. Notwithstanding questions of agency, I believe that this overarching principle of constructive notice distinguishes this case from *Rowland v*

*Washtenaw Co Rd Comm*, 477 Mich 197 (2007), another case arising under the GTLA, in which this Court required strict interpretation of notice provisions. The plaintiff in *Rowland* failed to serve *any* notice upon the defendant within the 120 days following her injury. *Id*. at 200-201. In this case, defendant was made aware of plaintiff's claim and the details regarding her injury within 80 days of the underlying incident.

I recognize that this Court reiterated a preference for a strict interpretation of notice provisions in *McCahan v Brennan*, 492 Mich 730 (2012). In *McCahan*, the plaintiff's claim against the University of Michigan required that notice of intent to file a claim be filed with the Clerk of the Court of Claims within six months of the incident giving rise to the cause of action. The *McCahan* plaintiff did not file notice in the Court of Claims, but did provide the university's legal office with information regarding her intent to seek recovery within the six-month notice period. *Id*. at 734. Even though the defendant had actual notice, this Court held that the plaintiff's claim was barred by her failure to comply with the relevant notice provision. *Id.* at 752. First, I believe that this case is distinguishable because Travelers was, or appeared to be, defendant's agent, and service upon an agent is appropriate under MCL 600.1930. However, I also believe that *McCahan* undermines the purpose of notice requirements—to provide a party with actual notice of any claims against it. The defendants in *McCahan* and in this case had actual notice of the claims against them and all the information they needed to prepare a defense. In my view, to bar such claims in spite of actual notice could have an adverse effect on working relationships between lawyers.

For these reasons, I would grant leave to appeal to reconsider our construction of the GTLA's notice requirements.



t0428

I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 1, 2015



Clerk