# STATE OF MICHIGAN

# COURT OF APPEALS

DEBORAH MATO,

       Plaintiff-Appellee,

v

CITY OF LIVONIA,

       Defendant-Appellant,

and

BRYAN MARRA,

       Defendant.

UNPUBLISHED
October 29, 2015

No. 323071
Wayne Circuit Court
LC No. 13-010174-NO

Before: METER, P.J., and WILDER and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this slip-and-fall case, defendant[1] appeals as of right from the trial court's denial of its motion for summary disposition based on governmental immunity. We affirm.

On October 23, 2012, plaintiff tripped and fell on a sidewalk while walking her dog in her Livonia neighborhood. She suffered injuries and sued defendant for failure to maintain the sidewalk in a safe condition. Defendant filed a motion for summary disposition under MCR 2.116(C)(7) and (C)(10). Defendant argued that plaintiff had not rebutted the statutory presumption that the sidewalk was in reasonable repair, that the notice plaintiff was required to provide was defective, and that the proximate cause of plaintiff's injuries was an accumulation of leaves on the sidewalk that defendant had no duty to remove. The trial court ruled, in part:

> This court will deny the motion. We believe in light of the photographs, there has been a successful rebutting of the statutory presumption that the sidewalk was in reasonable repair. At the very least it remains an issue of fact whether the sidewalk at issue was in reasonable repair. The defendant focuses his

---

[1] References to "defendant" in this opinion are to the city of Livonia.

-1-

argument on the requirement that the condition be a proximate cause of the injury. Defendant believes that the accumulation of the leaves was the sole proximate cause of the accident.

As you know, under the statute the defendant need not prove that the defect was the sole proximate cause of the injury. Under the statute it is sufficient to establish that it was simply a proximate cause of the injury. . . .

With regard to the issue of notice and whether or not the notice was sufficient because it didn't make reference to the leaves involved here, we believe that the notice was proper. Plaintiff gave notice of the only hazardous condition for which the city could be responsible.

We review de novo a trial court's grant or denial of a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A court may grant summary disposition under MCR 2.116(C)(7) based on "immunity granted by law . . . ." "In reviewing a motion for summary disposition under MCR 2.116(C)(7), a court considers the affidavits, pleadings, and other documentary evidence presented by the parties and accepts the plaintiff's well-pleaded allegations as true, except those contradicted by documentary evidence." *McLean v Dearborn*, 302 Mich App 68, 72-73; 836 NW2d 916 (2013). "In reviewing a motion under MCR 2.116(C)(10), the trial court considers affidavits, pleadings, depositions, admissions, and other evidence introduced by the parties to determine whether no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *McLean*, 302 Mich App at 73. "The evidence submitted must be considered in the light most favorable to the opposing party." *Id*. (citation and quotation marks omitted).

MCL 691.1402a states:

(1) A municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair.

(2) A municipal corporation is not liable for breach of a duty to maintain a sidewalk unless the plaintiff proves that at least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk.

(3) In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) is presumed to have maintained the sidewalk in reasonable repair. This presumption may only be rebutted by evidence of facts showing that a proximate cause of the injury was 1 or both of the following:

(a) A vertical discontinuity defect of 2 inches or more in the sidewalk.

(b) A dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity.

(4) Whether a presumption under subsection (3) has been rebutted is a question of law for the court.

(5) A municipal corporation's liability under subsection (1) is limited by section 81131 of the natural resources and environmental protection act, 1994 PA 451, MCL 324.81131.

Defendant does not dispute that the sidewalk on which plaintiff tripped, at its edge, did in fact contain a vertical discontinuity defect of two inches or more. It argues, however, that it is pure speculation that plaintiff fell because of this discontinuity defect. Defendant claims that "since the argument that [plaintiff] tripped only where the discontinuity was greater than two inches is based upon conjecture and speculation, it cannot serve to rebut the [statutory] presumption."

Defendant's argument is unavailing. At her deposition, plaintiff testified that, before her fall, she did not see the defect in the sidewalk because of leaves that were covering it. However, she clearly testified that after she fell, she was able to determine that the sidewalk was raised where she had tripped and that she "tripped on [her] right foot as [her] right foot hit the right edge of the sidewalk." Plaintiff's attorney asked, "[Y]ou could visualize that there was [a] two-to[-]three-inch height discrepancy there?" Plaintiff replied, "Right." The attorney then asked, "And that's where you tripped?" Plaintiff replied, "Yes." Plaintiff's testimony served to rebut the statutory presumption.[2]

Defendant next argues that plaintiff provided inadequate notice under MCL 691.1404(1), which states:

As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

---

[2] Citing *Plunkett v Dep't of Transp*, 286 Mich App 168, 188; 779 NW2d 263 (2009), defendant argues that the presumption could not have been rebutted because the sidewalk was not unsafe for public travel *at all times*, stating that "no harm has befallen anyone traversing that sidewalk in a fully populated residential area occupied by families" and further stating that "it is only a problem when it is covered by a foreign substance." This argument is untenable. Clearly the vertical discontinuity defect was a continually unsafe condition and served to rebut the presumption in MCL 691.1402a(3). The *Plunkett* Court stated, "The plaintiff must show that the injury was caused by the ice, snow, or water, *in tandem with the defect itself*, for example, tripping or losing one's balance on the edge of the defect and then slipping. *Plunkett*, 286 Mich App at 188 (emphasis in original). This case, involving a continual defect combined with leaves, is analogous.

Defendant claims that plaintiff's notice was inadequate because it failed to mention the leaves covering the sidewalk. Once again, defendant's argument is unavailing.

In *Plunkett v Dep't of Transp*, 286 Mich App 168, 176-177; 779 NW2d 263 (2009), this Court stated:

> [W]hen notice is required of an average citizen for the benefit of a governmental entity, it need only be understandable and sufficient to bring the important facts to the governmental entity's attention. Thus, a liberal construction of the notice requirements is favored to avoid penalizing an inexpert layman for some technical defect. The principal purposes to be served by requiring notice are simply (1) to provide the governmental agency with an opportunity to investigate the claim while it is still fresh and (2) to remedy the defect before other persons are injured. [Citations omitted.]

The defect *as applied to defendant* was the vertical discontinuity defect, not the leaves. Plaintiff never argued that defendant had a duty to remove the leaves and admits that defendant could not be held liable for a failure to remove leaves from the sidewalk.[3] The notice referred to the defect for which defendant was responsible. The notice was proper.

Defendant argues that the accumulation of leaves, and not the vertical discontinuity defect, was the sole proximate cause of plaintiff's injuries. Yet again, defendant's argument is unavailing. As noted by the trial court, MCL 691.1402a(3) refers to "*a* proximate cause . . ." (emphasis added). There may be more than one proximate cause of an injury. *Brisboy v Fibreboard Corp*, 429 Mich 540, 547; 418 NW2d 650 (1988). Plaintiff's testimony sufficiently indicated that she tripped because of the vertical discontinuity defect. As such, the vertical discontinuity defect was *a* proximate cause such that the statutory presumption in MCL 691.1402a was rebutted.

Defendant argues that it had no actual or constructive notice of the defect under MCL 691.1402a(2) because the sidewalk "was reasonably safe and convenient for travel, except when covered by leaves." As noted, the focus of this case as applied to defendant is the vertical discontinuity defect, not the leaves. Accordingly, defendant's argument is without merit. In addition, plaintiff's safety engineer averred that the defect had been in existence for more than 30 days. We find no basis for reversal.

Affirmed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Kurtis T. Wilder
/s/ Amy Ronayne Krause

---

[3] Defendant filed a notice of nonparty fault against the owner of the property adjoining the portion of the sidewalk where plaintiff fell.