*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ERIK ALLEN KEY,

        Plaintiff-Appellant,

v

CITY OF DETROIT,

        Defendant-Appellee

and

DTE ENERGY COMPANY,

        Defendant.

UNPUBLISHED
December 17, 2025
9:32 AM

No. 373470
Wayne Circuit Court
LC No. 23-004854-NO

Before: GADOLA, C.J., and CAMERON and RICK, JJ.

PER CURIAM.

Plaintiff appeals by delayed leave granted[1] the amended order granting defendant's, city of Detroit's (the City), motion for summary disposition under MCR 2.116(C)(7) (governmental immunity) and (10) (no genuine issue of material fact). We reverse and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was riding his motorcycle down Hendrie Street in Detroit, Michigan toward a T-shaped intersection with Field Street. As plaintiff made a right-hand turn onto Field Street, he struck something in the road that caused his motorcycle to slide out from under him. Plaintiff fell to the ground and was pinned beneath his motorcycle. According to plaintiff, a bystander helped him to his feet. Plaintiff then called his wife and son, who picked him up and took him home. The

---

[1] *Key v Detroit*, unpublished order of the Court of Appeals, entered March 25, 2025 (Docket No. 373470).

next day, plaintiff went to a nearby hospital, where he was treated for injuries to his knee and shoulder.

Consistent with MCL 691.1404, plaintiff's attorney timely served a notice of intent (NOI) to numerous city and county officials. Plaintiff then sued the City for negligence under the highway exception to governmental immunity of the governmental tort liability act (GTLA), MCL 691.1401, *et seq*. The City moved for summary disposition, arguing that plaintiff's NOI failed to describe the exact location and nature of the defect, and failed to provide any actual witnesses to the accident as required by MCL 691.1404. In response, plaintiff argued that the NOI and attached photographs sufficiently described the location and nature of the defect, and he did not know whether anyone witnessed the accident when he submitted the NOI. The trial court granted summary disposition to the City, finding that the NOI failed to meet the requirements of MCL 691.1404. This appeal followed.

## II. STANDARDS OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *El-Khalil v Oakwood Healthcare Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition under MCR 2.116(C)(7) is appropriate when a claim is barred because immunity is granted by law. *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010).

> When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [*Id*. at 428-429 (citations omitted).]

A motion under MCR 2.116(C)(10) examines the factual sufficiency of a claim. *El-Khalil*, 504 Mich at 160. "In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions, admissions, and documentary evidence filed in the action or submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). The motion may only be granted if there is no genuine issue of material fact. *El-Khalil*, 504 Mich at 160. A genuine issue of material fact exists when "the record leaves open an issue upon which reasonable minds might differ." *Id*. (quotation marks and citation omitted).

## III. ANALYSIS

Plaintiff argues that summary disposition was improper because his NOI substantially complied with the requirements of MCL 691.1404. We agree.

Under the GTLA, governmental agencies are immune from tort liability when they are engaged in a governmental function unless an exception applies. *Wigfall v Detroit*, 504 Mich

330, 337; 934 NW2d 760 (2019). Under the highway exception, an individual who is injured "by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel" may recover damages from said agency. MCL 691.1402(1).

But to recover under the highway exception, a plaintiff must first comply with the notice requirements of MCL 691.1404, and "[f]ailure to provide adequate notice under this statute is fatal to a plaintiff's claim against a government agency." *McLean v Dearborn*, 302 Mich App 68, 74; 836 NW2d 916 (2013). But "when notice is required of an average citizen for the benefit of a governmental entity, it need only be understandable and sufficient to bring the important facts to the governmental entity's attention." *Plunkett v Dep't of Transp*, 286 Mich App 168, 176; 779 NW2d 263 (2009). Notice is sufficient so long as it is in "substantial compliance" with the law. *Id*. at 177. MCL 691.1404(1) states, in relevant part:

> [T]he injured person, within 120 days from the time the injury occurred . . . shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

At issue here is whether plaintiff sufficiently specified the exact location and nature of the defect and the names of the known witnesses.

## A. EXACT LOCATION AND NATURE OF THE DEFECT

A NOI substantially complies with MCL 691.1404 when the description of the nature of the defect includes a "specific description of the location" and the "time and nature of injuries." *Plunkett*, 286 Mich App at 177-178. Importantly, "[s]ome degree of ambiguity in an aspect of a particular notice may be remedied by the clarity of other aspects." *Id*. at 177. In *McLean*, 302 Mich App at 71, the plaintiff's NOI described the nature of the defect as a " 'hazardous and defective city street[.]' " Although this description would have been insufficient on its own, the plaintiff also provided a precise description of the location and photographs that provided identifiable landmarks. *Id*. at 75-77. Because these facts, taken together, were sufficient to "assist defendant's agents in finding and repairing the defect[,]" this Court found that the NOI complied with MCL 691.1404. *Id*. at 76.

By contrast, in *Madbak v Farmington Hills*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 364734); slip op at 5-6, this Court held that the plaintiff's NOI, which did not include photographs, failed to sufficiently describe both the location and nature of the defect that caused her to fall. The plaintiff's description of the location of the defect as "Near Intersection of Wilton Court and Wilton Drive, Farmington Hills MI" was insufficient to satisfy MCL 691.1404 because it did not "specify whether plaintiff fell on Wilton Drive or on Wilton Court. Nor did it reference the direction of the defect in relation to the intersection, specify how far plaintiff was from the intersection when she fell, or reference any addresses or landmarks corresponding with the location of her fall." *Id*. at ___; slip op at 5. This Court further held that the plaintiff's description of the nature of the defect as a "defective road" was similarly vague, but nonetheless acknowledged that it could have been remedied by "detailed photographs with additional descriptions," as in *McLean*. *Id*. ___; slip op at 6.

When read as a whole, plaintiff's NOI sufficiently describes the location and nature of the defect such that the City would have been able to find and repair it. Plaintiff described the location of the accident as "on the roadway and intersection of Field St and Henrie [sic] St." Although plaintiff's description of the defect's location could have been more precise, his NOI also included four close-up photographs of potholes—the alleged defects. These photographs provided exact representations of the defects allegedly at issue, and, like the photographs in *McLean*, one of them depicted a landmark—a sewer grate in the upper right-hand corner—that placed the pothole near one of two corners at Hendrie and Field. See *McLean*, 302 Mich App at 76. Plaintiff's NOI, therefore, substantially complied with the requirements of MCL 691.1404.[2]

## B. KNOWN WITNESSES

Plaintiff's NOI also adequately identifies witnesses known to him at the time it was drafted. In *Milot v Dep't of Transp*, 318 Mich App 272, 278-280; 897 NW2d 248 (2016), this Court held that "under MCL 691.1404(1), 'the names of the witnesses' are the names of those persons who witnessed the occurrence[,]" and that the phrase "occurrence of the injury and the defect" refers to "the time of the accident." There is no language in the statute requiring that a plaintiff investigate any potential witnesses to the accident before serving a NOI.

Plaintiff testified that his wife and son were called *after* the accident to take him home; they did not witness the accident themselves. As for the bystander who helped plaintiff at the scene, plaintiff stated he was not aware whether the bystander witnessed the accident. Thus, plaintiff was not required to identify the bystander in the NOI. For these reasons, the trial court erred by granting summary disposition to the City.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Michelle M. Rick

---

[2] Plaintiff's failure to include photographs of the alleged electrical cutout made by defendant DTE Energy Company is ultimately immaterial because, despite the City's claims to the contrary, the evidence does not support that the cutout was the sole cause of his fall. Plaintiff repeatedly testified during his deposition that he was uncertain which defect caused him to fall. The fact that plaintiff ultimately named the electrical cutout as a potential cause—nearly two years after the accident—does not undermine the sufficiency of the notice he initially provided. As this Court held in *McLean*, 302 Mich App at 76: "Nothing in MCL 691.1404, or our caselaw, indicates that a plaintiff can 'undo' the sufficiency of the notice provided to a governmental agency at their deposition."