# STATE OF MICHIGAN

# COURT OF APPEALS

WILDA WALLACE,

Plaintiff-Appellee,

v

CITY OF DETROIT,

Defendant-Appellant.

UNPUBLISHED
February 26, 2015

No. 316799
Wayne Circuit Court
LC No. 12-012073-NO

Before: CAVANAGH, P.J., and METER and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right an order denying its motion for summary disposition in this trip and fall case. We affirm.

On August 17, 2012, plaintiff notified defendant that, on August 9, 2012, at about 2:00 p.m., she "tripped and fell due to a defect in the sidewalk" in front of 6327 Perkins Street in the City of Detroit, and suffered injuries to her ankle and knee. Plaintiff then brought this action, alleging that defendant breached its duty to maintain the sidewalk in reasonable repair and, thus, was liable for her injuries.

Eventually, defendant filed a motion for summary disposition, arguing that plaintiff's notice of injury was defective because she did not identify the exact location and nature of the defect as required under MCL 691.1404(1). And, defendant argued, the photographs plaintiff provided were not only untimely, but did not identify either the actual location of the alleged fall or the defect at issue. Accordingly, plaintiff's claim was barred by governmental immunity and defendant was entitled to summary disposition under MCR 2.116(C)(7). In the alternative, defendant argued, plaintiff's claim should be dismissed because she failed to overcome the presumption that the sidewalk was in reasonable repair, MCL 691.1402a(3). As set forth in the attached affidavit of Timothy Dennis, Supervisor of Department of Public Works-Street Maintenance Division, the alleged defect measured less than two inches.

Plaintiff responded to defendant's motion, arguing that the notice of injury she provided to defendant was sufficient. Plaintiff argued: "There is only one 6327 Perkins in the City of Detroit and there is only one sidewalk in front of 6327 Perkins." Further, the defect was measured to be in excess of three inches as indicated in an affidavit signed by the man who lived at the house, which was attached.

-1-

After oral argument the trial court denied defendant's motion, holding that plaintiff's notice was sufficient. The court also concluded that a question of fact existed as to whether the alleged defect was more than two inches. Thereafter, an order denying defendant's motion for summary disposition was entered. This appeal followed.

Defendant argues that the trial court erred in denying its motion for summary disposition under MCR 2.116(C)(7) because plaintiff failed to provide adequate notice of the defect as required by MCL 691.1401(1). We disagree.

We review de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(7). *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012). This Court also reviews de novo "[t]he applicability of governmental immunity and the statutory exceptions to immunity." *Id*. "In reviewing a motion for summary disposition under MCR 2.116(C)(7), a court considers the affidavits, pleadings, and other documentary evidence presented by the parties and accepts the plaintiff's well-pleaded allegations as true, except those contradicted by documentary evidence." *McLean v Dearborn*, 302 Mich App 68, 72-73; 836 NW2d 916 (2013).

Under the governmental immunity act, MCL 691.1401 *et seq*., governmental agencies are immune from tort liability whenever they are "engaged in the exercise or discharge of a governmental function," except as otherwise provided by law. MCL 691.1407; see also *Plunkett v Dep't of Transp*, 286 Mich App 168, 181; 779 NW2d 263 (2009). At issue here is the highway exception to governmental immunity, MCL 691.1402(1). To recover under the highway exception, a plaintiff must provide the notice described in MCL 691.1404, which provides:

> (1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

Our Supreme Court has held that this statutory notice provision is clear and unambiguous; thus, it must be enforced as written. *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 219; 731 NW2d 41 (2007). But notice "is sufficient if it is timely and contains the requisite information," and notice does not need to be provided in a particular format. *Plunkett*, 286 Mich App at 176. This Court has held that substantial compliance with the statutory notice requirements is sufficient. *Id*. at 177; see also *McLean*, 302 Mich App at 75. And the information required by the statute "does not have to be contained within the plaintiff's initial notice; it is sufficient if a notice received by the governmental agency within the 120-day period contains the required elements." *Id*. at 74-75.

Here, defendant argued that plaintiff's statutory notice did not sufficiently identify the location and nature of the alleged defect. But plaintiff's notice stated:

Take notice that on August 9, 2012, at the hour of approximately 2:00 p.m., [plaintiff] whose date of birth is 8/8/63, was lawfully walking on the sidewalk in

front of 6327 Perkins, Detroit, MI, when she tripped and fell due to a defect in the sidewalk, causing injury to [plaintiff], she has suffered injuries to her ankle and knee. The witnesses are not known at this time.

This notice was sufficient to advise defendant of the location and nature of the defect that allegedly caused plaintiff's injuries. Further, plaintiff's complaint, which was filed within the 120-day notice period, also indicated that the "defective highway" at issue was a defective sidewalk located in front of the house at the same address set forth in the notice. We conclude that, at minimum, plaintiff was in substantial compliance with MCL 691.1404(1). See *McLean*, 302 Mich App at 75; *Plunkett*, 286 Mich App at 177. Accordingly, the trial court properly rejected defendant's motion for summary disposition premised on this argument; plaintiff was not barred from bringing a claim under the highway exception to governmental immunity.

We also reject defendant's argument that plaintiff's claim was barred by the "2-inch" limitation set forth in MCL 691.1402a(3). Just as defendant submitted an affidavit in support of its assertion that the vertical discontinuity defect was less than two inches, plaintiff submitted an affidavit in support of her assertion that the vertical discontinuity defect was more than two inches. Because a question of material fact exists regarding the measurement of the vertical discontinuity at issue, the trial court properly denied defendant's motion for summary disposition premised on the claim that plaintiff failed to rebut the presumption that defendant maintained the sidewalk in reasonable repair. See MCL 691.1402a(3).

Affirmed.

/s/ Mark J. Cavanagh
/s/ Patrick M. Meter

-3-