# STATE OF MICHIGAN

# COURT OF APPEALS

DARLENE POWELL,

　　　　　Plaintiff-Appellee,

v

CITY OF DETROIT,

　　　　　Defendant-Appellant.

UNPUBLISHED
August 8, 2017

No. 332267
Wayne Circuit Court
LC No. 15-012706-NO

Before: SAAD, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

In this negligence action brought under the Government Tort Liability Act (GTLA), MCL 691.1401 *et seq.*, defendant appeals as of right an order denying its motion for summary disposition. Defendant argues that it was entitled to summary disposition because plaintiff failed to satisfy the notice requirements of the highway exception to the GTLA. We agree that plaintiff failed to provide proper notice and therefore reverse the trial court's order and remand for entry of an order granting summary disposition in favor of defendant.

## I. BACKGROUND FACTS

This case arises out of injuries that plaintiff allegedly sustained in March 2015, while she was walking down a sidewalk in the city of Detroit. Plaintiff alleged that she fell on the sidewalk's broken cement and loose gravel. Constance Holley witnessed plaintiff's fall. As a result of the fall, plaintiff fractured her leg, which required surgery, including the placement of hardware. Plaintiff, through her attorney, mailed a notice of injury and defect to the "City of Detroit Law Department." The notice identified one witness—Holley—and advised that plaintiff sustained injuries when she fell on a sidewalk abutting a city street. In September 2015, plaintiff filed a complaint alleging that defendant breached its duty to maintain and repair the sidewalk, causing her injuries. Plaintiff alleged that defendant was not entitled to governmental immunity because her injuries involved a defective sidewalk, and MCL 691.1402a established a cause of action once notice was properly served under MCL 691.1404.

Defendant filed a motion for summary disposition under MCR 2.116(C)(7), arguing that plaintiff failed to serve notice on a proper individual under MCL 691.1404(2) and failed to personally serve the notice and to include the names of all known witnesses as required by MCL 691.1404(1). The trial court concluded that plaintiff substantially complied with the GTLA's notice requirements because her notice was ultimately forwarded to defendant's claims

-1-

department, which also would have occurred if the name of defendant's attorney was on the notice. The trial court further concluded that the notice was sufficiently detailed and that failing to identify a few witnesses was not fatal to plaintiff's case. Lastly, the trial court determined that defendant's literal reading of the personal service requirement, even if true, was not a basis for granting summary disposition. The trial court thus entered an order denying defendant's motion for summary disposition with prejudice.

## II. NOTICE OF INJURY AND HIGHWAY DEFECT

On appeal, defendant argues that plaintiff's claim was barred by governmental immunity because she failed to meet the notice requirements of MCL 691.1404. We review de novo a trial court's denial of a motion for summary disposition premised on governmental immunity. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004).

Under the GTLA, a governmental agency, including a municipality like defendant, is immune from tort liability if the governmental agency is "engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). Plaintiff alleged that defendant was not immune from suit under the highway exception of the GTLA, which states that a municipal corporation may be liable for failing to maintain in reasonable repair a sidewalk adjacent to a municipal, county, or state highway when the municipal corporation is aware of a defect. MCL 691.1402a. However, in order to sue a municipality for failing to maintain a sidewalk in reasonable repair, a plaintiff must first provide notice of the injury and defect under MCL 691.1404. *Milot v Dep't of Transp*, 318 Mich App 272, 277; ___ NW2d ___ (2016). A municipal corporation need not plead defective notice as an affirmative defense because municipalities are presumed to have immunity; rather, "the burden is on plaintiff to prove that one of the exceptions to governmental immunity is applicable." *Fairley v Dep't of Corrections*, 497 Mich 290, 299-300; 871 NW2d 129 (2015).

Defendant first argues that plaintiff failed to serve her notice on a proper individual under MCL 691.1404(2). MCL 691.1404 governs the manner in which an injured person must provide notice of an injury and defect as a condition to recovery under the highway exception to the GTLA. The statute provides, in relevant part, the following:

> (1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred . . . shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

> (2) The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding.

Of particular importance to defendant's argument, MCL 691.1404(2) states that "*notice may be served upon any individual . . . who may lawfully be served with civil process directed against*

*the government agency . . . .*" (Emphasis added.) Defendant in this case is the city of Detroit. MCR 2.105(G) sets forth the requirements for lawful service on "a public, municipal, quasi-municipal, or governmental corporation," and states that service of process may be made upon a city by serving "the mayor, the city clerk, or the city attorney of a city[.]" MCR 2.105(G)(2).

In *McLean v Dearborn*, 302 Mich App 68, 78-79; 836 NW2d 916 (2013), this Court explained that, reading MCL 691.1404(2) and MCR 2.105(G) together, service on a city must be made by serving one of the three persons specified under MCR 2.105(G)(2), those being the mayor, the city clerk, or the city attorney. See MCR 2.105(G)(2). The *McLean* Court explained that the apparent authority of a recipient other than one of the three individuals listed in MCR 2.105(G)(2) to accept service on behalf of a city is not sufficient under MCL 691.1404(2) unless the recipient is "authorized by *written appointment* or *law* to accept service on behalf of defendant." *McLean*, 302 Mich App at 80.

In this case, on April 29, 2015, plaintiff, through her attorney, sent a notice of injury and defect by certified mail, return receipt requested, to the "City of Detroit Law Department." The return receipt confirms that the notice was addressed to the "City of Detroit Law Dep[artmen]t." The return receipt is signed by T. McCutchin, an employee of Novitex, the contractor that handles defendant's incoming mail. Plaintiff's notice includes a note following the signature of plaintiff's attorney, which states, "Cc: City Clerk, City of Detroit." Plaintiff's notice advises that plaintiff sustained injuries, including a fractured leg that required surgery, when she fell on broken cement and loose gravel on a sidewalk abutting a city street. The notice identifies Holley as the only witness. Finally, the notice includes a drawing describing the condition of the sidewalk, pictures of the sidewalk, and an aerial view map indicating where plaintiff fell.

The parties do not dispute that plaintiff's notice complied with several of the requirements of MCL 691.1404, such as being sent within 120 days of the occurrence of the injury, identifying the location and nature of the defect, describing the injury plaintiff sustained, and being sent by certified mail, return receipt requested. See MCL 691.1404(1) and (2). However, plaintiff's notice was addressed to the "City of Detroit Law Department," which is not one of the individuals specifically identified in MCR 2.105(G)(2), i.e., "the mayor, the city clerk, or the city attorney of a city," who may "lawfully be served with civil process directed against" the city of Detroit. MCL 691.1404(2). Therefore, plaintiff's notice failed to comply with the requirements of MCL 691.1404(2).

Plaintiff argues that, although her notice was *addressed* to defendant's law department, it was *served* on defendant's law department "with a cc to the City Clerk." Plaintiff therefore argues that defendant suffered no actual prejudice, and she substantially complied with the notice requirements of MCL 691.1404. The fact, however, that plaintiff's notice included a note, "Cc: City Clerk, City of Detroit," is not evidence that plaintiff actually served her notice "either personally, or by certified mail, return receipt requested" on the city clerk. MCL 691.1404(2). Likewise, although plaintiff provided the trial court with evidence that defendant's claims department received her claim, this is not proof that the mayor, city clerk, or city attorney

received plaintiff's notice, which is required by the strict reading of MCL 691.1404(2) and MCR 2.105(G)(2) adopted in *McLean*.[1]

Plaintiff also argues that defendant did not show (and has not yet denied on appeal) that the individual who signed the certified mail return receipt for her notice was not authorized to accept mail on defendant's behalf. See *McLean*, 302 Mich App at 80 (noting that someone other than the mayor, city clerk, or city attorney may accept service on behalf of a city under MCL 691.1404(2) if the person is "authorized by *written appointment* or *law* to accept service . . ."). We first note that it is plaintiff's burden to prove that this individual was authorized to accept service, not defendant's burden to disprove. See *Fairley*, 497 Mich at 299-300. Although plaintiff provided the lower court with the contract for services between the mailroom employee's company and defendant, this contract does not give any contract employee authority to accept service on defendant's behalf. Therefore, plaintiff has not shown that the individual who signed the return mail receipt was authorized to accept service on defendant's behalf. See *McLean*, 302 Mich App at 80-81.

In summary, plaintiff did not provide the trial court with evidence that she served, personally or by registered mail, the mayor, city clerk, city attorney, or other authorized person, as required by this Court in *McLean*. Because plaintiff did not properly serve defendant, her notice is defective under MCL 691.1404. Without proper notice, plaintiff cannot assert the highway exception, and defendant remains immune from suit. See *McLean*, 302 Mich App at 74 ("Failure to provide adequate notice under [MCL 691.1404] is fatal to a plaintiff's claim against a government agency."). Accordingly, defendant was entitled to summary disposition.[2]

---

[1] We note that in *Plunkett v Dep't of Transp*, 286 Mich App 168, 176, 178; 779 NW2d 263 (2009), this Court explained that "liberal construction of the notice requirements is favored to avoid penalizing an inexpert layman for some technical defect[,]" and "[s]ubstantial compliance will suffice." (Quotation marks and citation omitted.) However, the notice issue in *Plunkett* involved whether the plaintiff adequately described the nature of the highway defect, *id*. at 178, whereas *McLean* dealt with whether the notice was properly served on an authorized individual under MCL 691.1404. *McLean*, 302 Mich App at 78-81. We therefore conclude that *McLean* is controlling in this case.

[2] In light of our conclusion that defendant is entitled to summary disposition because plaintiff's notice was not served on a proper individual under MCL 691.1404(2), we need not address defendant's remaining arguments that plaintiff failed to personally serve the notice and that plaintiff's notice failed to sufficiently identify the known witnesses.

Reversed on the ground of governmental immunity and remanded for entry of an order granting summary disposition in favor of defendant. We do not retain jurisdiction.

/s/ Henry William Saad
/s/ Deborah A. Servitto
/s/ Michael F. Gadola