# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 4, 2018

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

154851

ALICE M. BROWN,
      Plaintiff-Appellee,

v

                                        SC: 154851
                                        COA: 330508
                                        Chippewa CC: 14-013459-NO

CITY OF SAULT STE MARIE, ERIC
FOUNTAIN, GREG SCHMITIGAL, MIKE
BREAKIE, JEFF KILLIPS, and BRUCE
LIPPONEN,
      Defendants-Appellants.

_____/

On January 10, 2018, the Court heard oral argument on the application for leave to appeal the October 20, 2016 judgment of the Court of Appeals. On order of the Court, the application is again considered. MCR 7.305(H)(1). In lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REINSTATE the November 10, 2015 order of the Chippewa Circuit Court granting defendants' motion for summary disposition. Plaintiff's notice of her intent to bring a claim under the highway exception to governmental immunity merely provided, without further elaboration, that she had suffered "severe and permanent injuries." Although this vague description refers to the injuries' severity and duration, the notice contains no information at all about the particular injury that plaintiff sustained. The statute requires that the notice must "specify . . . the injury sustained," MCL 691.1404(1), and therefore some description of the injury itself beyond merely classifying it as severe or permanent is required. *Tattan v Detroit*, 128 Mich 650, 652 (1901) ("The statute, in terms, requires that the nature of the injury shall be stated in this notice. Beyond the fact that it is an injury to the person, rather than to property, there is no attempt in this notice to state the nature of the injury at all.") Plaintiff claims that her notice of the injury sustained should be deemed to include certain documents referred to in, but not attached to, her notice. We need not reach the issue whether it is appropriate to consider documents not submitted with the notice itself because, in this case, plaintiff referred to those documents for the purpose of identifying witnesses, not to provide a description of the injury sustained. Therefore, consideration

of those documents in this case would not change the outcome. We conclude that plaintiff's notice was insufficient on its face because it failed to specify the injury that plaintiff sustained in accordance with MCL 691.1404(1).

BERNSTEIN, J., would deny leave to appeal.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 4, 2018



Clerk

s0502