*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEAN EGGENBERGER,

        Plaintiff-Appellee,

v

TOWNSHIP OF WEST BLOOMFIELD,

        Defendant-Appellant.

UNPUBLISHED
September 24, 2024
3:22 PM

No. 368247
Oakland Circuit Court
LC No. 2022-194802-NO

Before: LETICA, P.J., and BOONSTRA and MARIANI, JJ.

PER CURIAM.

Plaintiff filed a claim to recover damages under the highway exception to the governmental tort liability act (GTLA), MCL 691.1401, *et seq.*, for injuries he sustained after he crashed his bicycle while riding on a sidewalk maintained by defendant, the Township of West Bloomfield (the township). Defendant now appeals by right the trial court's order denying its motion for summary disposition under MCR 2.116(C)(7) (immunity granted by law) and (C)(10) (no genuine issue of material fact with the moving party entitled to judgment as a matter of law). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

At approximately 3:20 p.m. on April 27, 2021, plaintiff was riding his bike on a sidewalk in the township when he suddenly crashed and fell off of his bike. Plaintiff testified that he had "this feeling of . . . very suddenly falling" on the portion of the sidewalk "across from 6188 Willow Road." Plaintiff's GPS-enabled mobile application that was active during his ride similarly reflected that he came to a sudden stop near 6188 Willow Road. There was a large upheaval in the sidewalk at this same location. Plaintiff had ridden past this particular stretch of sidewalk two or three times within the last year without issue. He recalled there were "quite a few trees" along the path and believed that the tree roots "brought up the pavement." A woman walking on the path subsequently discovered plaintiff, who appeared "confused" and unsure of what had happened, standing on the path and "bleeding from his head." The woman called 911 for assistance, which arrived shortly thereafter and transported plaintiff to the hospital. As a result of his fall, plaintiff suffered a severe concussion and extensive injuries to his forehead and the right side of his face, as well as recurring headaches, significant back pain, and increased anxiety.

-1-

Plaintiff testified that, several hours after the accident, his brother returned to the site of the accident using location data from his GPS and recovered his broken glasses "right on the [right] side of the pavement" near 6188 Willow Road. The police had also discovered plaintiff's broken bike—the front tire had come off of the bike during the accident—near 6188 Willow Road. Based on his "feeling of falling," his "GPS stopping point," where the police found his bike, and "where [his] brother found [his] glasses," plaintiff determined that the large upheaval in the pavement at the location of his fall was what had caused him to lose control of his bike.

Plaintiff returned to that location approximately two weeks after the accident, and he and his mother took photos of the sidewalk. The photos showed a portion of the sidewalk containing an upheaval that ran across the entire width of the sidewalk and created a slope resembling a speedbump approximately 11 or 12 inches wide, with a height of approximately three inches at its peak. The upheaval contained a split within the center of it that was approximately two inches wide and had collected various pieces of debris, including pine needles, leaves, small bits of twigs, and broken pieces of asphalt. A very large tree sat directly next to the upheaval. Defendant's engineering manager testified that the upheaval was consistent with "tree root upheaval," and according to a report completed by the director of defendant's Development Services Department, upheavals in asphalt caused by tree roots "pose a safety risk to the public" and "can completely inhibit the use of the pathway to bicyclists."[1]

On July 20, 2021, plaintiff sent a timely notice letter to defendant, explaining that, on April 27, 2021, he had struck a large upheaval in the sidewalk located "across the street from 6188 Willow Road." Plaintiff described the upheaval as a "vertical discontinuity" of "approximately three inches" that "effectively formed a ramp," and he provided a color photo of the entire upheaval as well as a color photo depicting a measuring tape showing that the upheaval spanned the entire width of the sidewalk. Plaintiff stated that striking the upheaval caused him to lose control of his bike and crash, and he had "sustained injuries to his head, face, neck, back, shoulder, wrists, and hands" as a result. Plaintiff further stated that he was unaware of "any witnesses to the occurrence" but provided the name of the woman who assisted him after his fall and indicated that first responders came to the scene of the accident within minutes.

In June 2022, plaintiff filed a claim of negligence against defendant, seeking damages under the sidewalk provision of the highway exception of the GTLA, MCL 691.1402a, for his injuries resulting from the crash. After discovery, defendant moved for summary disposition under MCR 2.116(C)(7) and (C)(10), arguing that it was entitled to governmental immunity under the GTLA because plaintiff failed to establish his highway-exception claim to governmental immunity. Specifically, defendant argued that (1) plaintiff's vague description of his injuries in

---

[1] Defendant's engineering manager also testified that he believed that the asphalt in place at the time of plaintiff's accident was the original asphalt that was installed approximately 41 years ago. He explained that, sometime between September 2019 and January 2020, a contractor hired by defendant had inspected the sidewalk on Willow Road and recorded various points that required "immediate attention" to remedy safety concerns, but, for reasons unknown to the engineering manager, the contractor "skipped" and ultimately "never assessed" the portion containing the upheaval at issue.

his pre-suit notice did not comply with the notice requirement of MCL 691.1404(1); (2) the upheaval in the sidewalk was an open and obvious condition without special aspects that barred plaintiff's claim pursuant to MCL 691.1402a(5); and (3) plaintiff's theory of causation was based on "speculation and conjecture" rather than any direct or circumstantial evidence that the sidewalk defect had caused his injuries. Plaintiff responded and, after a hearing, the trial court rejected defendant's arguments regarding statutory notice and causation but agreed that the sidewalk upheaval was open and obvious with no special aspects and, as a result, granted defendant's motion for summary disposition on the basis of governmental immunity.

Plaintiff moved for reconsideration in July 2023, but in the midst of the trial court's review of plaintiff's motion, the Michigan Supreme Court released its decision in *Kandil-Elsayed v F & E Oil, Inc*, 512 Mich 95, 104; 1 NW3d 44 (2023), which substantially altered the open-and-obvious analysis originally set forth in *Lugo v Ameritech Corp Inc*, 464 Mich 512; 629 NW2d 384 (2001). The trial court then ordered the parties to file supplemental briefs addressing the effect of *Kandil-Elsayed* on this case. Plaintiff argued that, because the trial court "relied on the open and obvious doctrine in granting summary disposition" and the doctrine "can no longer be applied to remove a premises possessor's duty of care," the trial court's order granting defendant's motion for summary disposition should be reversed. Defendant argued that the trial court properly granted its motion for summary disposition because the new rule set forth in *Kandil-Elsayed* did not apply retroactively to this case and summary disposition was warranted under the doctrine in place at the time of plaintiff's injuries. The trial court ordered further briefing from plaintiff on the issue of retroactivity, and plaintiff argued that the Michigan Supreme Court clearly intended for *Kandil-Elsayed* to apply retroactively in cases such as this, noting that it had already applied the new doctrine retroactively in a substantially similar highway-exception case in which the plaintiff's injuries predated his injuries by three years.

In October 2023, the trial court issued a written opinion and order granting plaintiff's motion for reconsideration and reversing its order of summary disposition in defendant's favor. The trial court noted that the holding in *Kandil-Elsayed* had "substantially altered the landscape of premises liability law in Michigan" and found that the Michigan Supreme Court, through its treatment of other cases, had clearly "demonstrated its intention that *Kandil-Elsayed* applies retroactively." The trial court therefore applied the new framework set forth in *Kandil-Elsayed* and concluded that, despite the open and obvious condition of the sidewalk upheaval, defendant "was [not] absolved of any legal duty in this case" and that "there exist[ed] genuine issues of material fact concerning breach of duty and comparative fault." The trial court also noted that it had "already held that all other asserted grounds for summary disposition in favor of [d]efendant were without merit," and it reopened the case "so that it may proceed to trial." This appeal followed.

## II. STANDARDS OF REVIEW AND GENERAL LEGAL PRINCIPLES

We review de novo a trial court's decision on a motion for summary disposition as well as questions of statutory interpretation involving the application of governmental immunity under the GTLA. *Jones v Bitner*, 300 Mich App 65, 71-72; 832 NW2d 426 (2013).

"MCR 2.116(C)(7) tests whether a claim is barred because of immunity granted by law[.]" *Burise v City of Pontiac*, 282 Mich App 646, 650; 766 NW2d 311 (2009) (quotation marks and

-3-

citation omitted). "A plaintiff can overcome such a motion . . . by alleging facts that support the application of an exception to governmental immunity." *Id*. When deciding a motion brought under MCR 2.116(C)(7), "a trial court should examine all documentary evidence submitted by the parties, accept all well-pleaded allegations as true, and construe all evidence and pleadings in the light most favorable to the nonmoving party." *Clay v Doe*, 311 Mich App 359, 362; 876 NW2d 248 (2015) (quotation marks and citation omitted). "If the pleadings or documentary evidence reveal no genuine issues of material fact, the court must decide as a matter of law whether the claim is statutorily barred." *McLean v McElhaney*, 289 Mich App 592, 597; 798 NW2d 29 (2010).

"Summary disposition [under MCR 2.116(C)(10)] is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). When deciding a motion under MCR 2.116(C)(10), "a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law." *ACLU of Mich v Calhoun Co Sheriff's Office*, 509 Mich 1, 9; 983 NW2d 300 (2022) (quotation marks and citation omitted). "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *El-Khalil*, 504 Mich at 160 (quotation marks and citation omitted).

The GTLA, MCL 691.1401 *et seq.*, generally immunizes governmental agencies engaged in a governmental function from tort liability, unless an enumerated statutory exception applies. *McLean v Dearborn*, 302 Mich App 68, 73; 836 NW2d 916 (2013). The scope of governmental immunity is construed broadly, and the exceptions to it are interpreted narrowly. *Milot v Dep't of Transp*, 318 Mich App 272, 276; 897 NW2d 248 (2016). One such exception is the "highway exception," "which allows a governmental agency to be liable for damages caused by an unsafe highway." *McLean*, 302 Mich App at 73, citing MCL 691.1402(1) (quotation marks omitted). "This includes sidewalks." *Thurman v Pontiac*, 295 Mich App 381, 385; 819 NW2d 90 (2012); see also *Bernardoni v Saginaw*, 499 Mich 470, 473; 886 NW2d 109 (2016); MCL 691.1401(c). More specifically, "[a] municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair." MCL 691.1402a(1). A municipal corporation includes a township, so defendant in this case falls within the purview of this exception. See MCL 691.1401(d).

### III. STATUTORY NOTICE

Defendant challenges the adequacy of plaintiff's description of injuries in his pre-suit notice. According to defendant, plaintiff's mere statement that he "sustained injuries to his head, face, neck, back, shoulder, wrists, and hands" was insufficient to satisfy the notice requirement of MCL 691.1404(1), and defendant is therefore entitled to dismissal on the basis of governmental immunity. We disagree.

Before a plaintiff may seek to recover damages under the highway exception, he or she first "must timely notify the governmental defendant of his or her claim in accordance with MCL 691.1404(1)." *Thurman*, 295 Mich App at 385. MCL 691.1404(1) requires a plaintiff to, "within 120 days from the time the injury occurred . . . , serve a notice on the governmental agency of the

occurrence of the injury and the defect." The notice must "specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant." MCL 691.1404(1). To meet MCL 691.1404(1)'s requirement that the notice must "specify the injury sustained," "some description of the injury itself beyond merely classifying it as severe or permanent is required." *Brown v Sault Ste Marie*, 501 Mich 1064, 1064; 910 NW2d 300 (2018) (quotation marks and ellipsis omitted); see also *Madbak v Farmington Hills*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 364734); slip op at 7 (concluding that the plaintiff's notice was inadequate because it "stated merely that her claim was for 'personal injuries,' without elaborating on the particular nature of those injuries"); *McLean*, 302 Mich App at 77 (concluding that a notice stating merely that the plaintiff received " 'significant injuries' " was "wholly inadequate" and could not be "deemed to have complied, substantially or otherwise, with" MCL 691.1404(1)). "Failure to provide adequate notice under this statute is fatal to a plaintiff's claim against a government agency." *McLean*, 302 Mich App at 74.

"Notice need not be provided in any particular form," but a plaintiff "must at least adequately provide the required information" within the 120-day time frame. *Id.* at 74-75 (quotation marks and citations omitted). As this Court recently reiterated, adequacy of notice is to be assessed according to the following standards:

> When notice is required of an average citizen for the benefit of a governmental entity, it need only be understandable and sufficient to bring the important facts to the governmental entity's attention. Thus, a liberal construction of the notice requirements is favored to avoid penalizing an inexpert layman for some technical defect. The principal purposes to be served by requiring notice are simply (1) to provide the governmental agency with an opportunity to investigate the claim while it is still fresh and (2) to remedy the defect before other persons are injured.
>
> The requirement should not receive so strict a construction as to make it difficult for the average citizen to draw a good notice. A notice should not be held ineffective when in *substantial compliance* with the law . . . . [*Madbak*, ___ Mich App at ___; slip op at 4-5, quoting *Plunkett v Dep't of Transp*, 286 Mich App 168, 176-177; 779 NW2d 263 (2009) (quotation marks and alteration omitted).]

"The sufficiency of the notice is judged on the entire notice and all the facts stated therein." *Russell v Detroit*, 321 Mich App 628, 633; 909 NW2d 507 (2017). "Some degree of ambiguity in an aspect of a particular notice may be remedied by the clarity of other aspects." *Madbak*, ___ Mich App at ___; slip op at 5 (quotation marks and citation omitted).

In this case, plaintiff's notice identified the particular body parts that were injured. Cf. *McLean*, 302 Mich App at 78 (stressing that the plaintiff's "description of her injury did not even name a body part that was injured"). The notice also made clear how these injuries occurred—plaintiff struck "the large defect [in the sidewalk] . . . , lost control of his bicycle and crashed"—and that "[f]irst responders then came to the scene" for assistance, all of which provided further insight into the nature of the injuries. See *Russell*, 321 Mich App at 633. And plaintiff's description of the injuries in his notice matched his description of the injuries in his complaint. Cf. *McLean*, 302 Mich App at 77 (holding that the defendant was not provided adequate notice under MCL 691.1404(1) when the plaintiff "alleged a whole host of injuries in her complaint" but only

stated in her pre-suit notice that she had received " 'significant injuries' "). Plaintiff's description of his injuries in his notice was therefore "understandable and sufficient to bring the important facts to the governmental entity's attention," *Madbak*, ___ Mich App at ___; slip op at 10 (quotation marks and citation omitted), and defendant has not explained why more detail would have been necessary as a matter of law to render the notice in "substantial compliance" with MCL 691.1404(1).[2] Given the information contained in the notice, plaintiff satisfied the notice requirement of MCL 691.1404(1), and defendant was not entitled to governmental immunity on this ground. See *McLean*, 302 Mich App at 74; *Jones*, 300 Mich App at 71-72. The trial court's denial of defendant's motion for summary disposition on this ground was therefore not in error. See *McLean*, 289 Mich App at 597; *Burise*, 282 Mich App at 650.

## IV. OPEN AND OBVIOUS

Defendant also challenges the trial court's conclusion that *Kandil-Elsayed* applies retroactively to plaintiff's claim under MCL 691.1402a, arguing that the claim is instead governed, and foreclosed, by the open-and-obvious doctrine existing at the time of plaintiff's injuries.[3] We disagree.

As noted by the trial court in this case, the Michigan Supreme Court's holding in *Kandil-Elsayed*, 512 Mich 95, substantially altered the open-and-obvious analysis in premises-liability cases. In overruling *Lugo*, 464 Mich 512, which "held that courts must analyze both the open and obvious danger doctrine and any exceptions to it under the element of duty," the Supreme Court held that "the open and obvious nature of a condition is relevant to breach and the parties' comparative fault." *Kandil-Elsayed*, 512 Mich at 103-104. The Court also expressly overruled the special-aspects doctrine established by *Lugo*, explaining that "when a land possessor should anticipate the harm that results from an open and obvious condition, despite its obviousness, the possessor is not relieved of the duty of reasonable care." *Id*. at 104. The Court explained that, "[b]y shifting the open and obvious danger doctrine to breach, it will allow the jury to do just what this Court—and the Legislature—intend: conduct a comparative analysis of each party's fault." *Id*. at 147.

---

[2] It also bears noting that, while MCL 691.1404(1) requires that the notice's specification of the location of the defect be "exact," it does not, by its plain terms, require the same for the notice's specification of injury.

[3] Defendant alternatively argues on appeal that it is entitled to summary disposition on the basis of its open-and-obvious defense under the new framework set forth in *Kandil-Elsayed*. Defendant, however, did not raise this argument below, despite having the opportunity to do so when the trial court instructed it to address "the effect of *Kandil-Elsayed*" on this case in supplemental briefing. Instead, defendant chose only to argue that *Kandil-Elsayed* did not apply retroactively. We therefore consider this argument waived and decline to address it on appeal. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 359090); slip op at 2-3 (noting that "Michigan follows the 'raise or waive' rule of appellate review" and that "this Court has no obligation to consider the issue" if a party does not raise first it in the trial court) (quotation marks and citation omitted).

Recently, in *Gabrielson v Woods Condo Ass'n*, ___ Mich App ___, ___; ___ NW3d___ (2024) (Docket Nos. 364809; 364813); slip op at 2, 7-8, this Court held that our Supreme Court's decision in *Kandil-Elsayed* "operate[s] retroactively and applies to all cases currently pending on direct appeal[.]"  First noting the well-established "general rule . . . that judicial decisions are to be given complete retroactive effect," this Court explained that "retroactive application [of *Kandil-Elsayed*] is appropriate" because it "establishes a new principle of law" that "restores consistency to Michigan's negligence jurisprudence" and "eliminates the potential for unfairness" and "confusion and division" under the old rule, which "could not be predictably relied upon[.]"  *Id*. at ___; slip op at 7 (quotation marks and citations omitted).  Accordingly, applying the decision retroactively would "not result in undue hardship" or have an adverse effect on the administration of justice; to the contrary, retroactive application would "actually further goals of the administration of justice  by ensuring that premises-liability claims are adjudicated by the same standard applicable to other negligence claims, affording claimants the same right to have their claims considered under a comparative-fault regime rather than a contributory-negligence scheme."  *Id*. at ___; slip op at 7-8.

Defendant argues that *Gabrielson* is inapplicable to this case—and *Kandil-Elsayed* does not apply retroactively to it—because this case was brought under MCL 691.1402a, rendering it distinguishable from common-law premises liability cases.  We disagree.  As noted, *Gabrielson* extends its holding to "*all* cases currently pending on direct appeal."  *Id*. at ___; slip op at 2, 8 (emphasis added).  And while *Gabrielson* did not involve an assertion of governmental immunity under MCL 691.1402a, nothing about the decision suggests that it or its rationale would not apply with equal force in that context.  Defendant stresses that a claim involving MCL 691.1402a is distinguishable from a common-law premises liability claim, but defendant fails to identify—and we fail to see—how any such distinctions would justify the retroactivity carve-out defendant seeks.  Defendant does not dispute that *Kandil-Elsayed* applies, at least prospectively, to claims involving MCL 691.1402a.  And the core reasons defendant cites for why *Kandil-Elsayed* should not apply retroactively in the MCL 691.1402a context—that it is a new rule of law that has worked a dramatic change to the open-and-obvious analysis and has correspondingly upset reliance interests—are fundamentally the same considerations already accounted for in *Gabrielson*.

Nor has the Legislature signaled any intent that a different outcome under MCL 691.1402a would be warranted.  To the contrary, MCL 691.1402a(5) states that a defendant may assert "any defense available under the common law with respect to a premises liability claim, including, but not limited to, a defense that the condition was open and obvious."  The Legislature thus expressly chose to tie the open-and-obvious defense available to defendants in the MCL 691.1402a context to the defense available in the common-law context.  And *Kandil-Elsayed*, 512 Mich at 144, for its part, took pains to make clear that it did not "eliminate[] or dispense[] with the open and obvious danger doctrine," but instead simply shifted the analysis from the duty element to breach and comparative fault.  See also *Gabrielson*, ___ Mich App at ___; slip op at 6-7.  Per MCL 691.1402a(5), because this is the open-and-obvious defense "available under the common law with respect to a premises liability claim," it too is the defense available for cases involving MCL 691.1402a.  Defendant fails to explain how, given the plain language of MCL 691.1402a(5), the

Legislature's intent would be effectuated by making "available" to defendant in this case a different open-and-obvious defense than its common-law counterpart would enjoy.[4]

Accordingly, defendant's retroactivity argument lacks merit and, consistent with *Gabrielson*, the open-and-obvious framework set forth in *Kandil-Elsayed* retroactively applies to this case.

## V. CAUSATION

Lastly, we disagree with defendant that it is entitled to governmental immunity or judgment as a matter of law because plaintiff failed to establish a genuine issue of material fact as to whether the upheaval on the sidewalk caused his injuries.

A plaintiff raising a highway-exception claim must prove all four traditional elements of a negligence claim, including causation. *Haliw v Sterling Heights*, 464 Mich 297, 304-305, 309-310; 627 NW2d 581 (2001); see also MCL 691.1402a(3). "Proof of causation requires both cause in fact and legal, or proximate, cause." *Haliw*, 464 Mich at 310. "Cause in fact requires that the harmful result would not have come about but for the defendant's negligent conduct." *Id.* "While a plaintiff need not prove that an act or omission was the *sole* catalyst for his injuries, he must introduce evidence permitting the jury to conclude that the act or omission was *a* cause." *Craig v Oakwood Hosp*, 471 Mich 67, 87; 684 NW2d 296 (2004). A plaintiff must establish his or her theory of causation based on facts in evidence rather than on mere speculation or conjecture. *Id.* at 87-88; *Skinner v Square D Co*, 445 Mich 153, 163-164; 516 NW2d 475 (1994), overruled in part on other grounds by *Smith v Globe Life Ins Co*, 460 Mich 446, 455 n 2; 597 NW2d 28 (1999). A plaintiff may establish causation with circumstantial evidence, but, to be adequate, the circumstantial evidence must enable "jurors to reasonably infer the existence of a causal relationship between a defendant's actions and a plaintiff's injuries." *Skinner*, 445 Mich at 164, 167. "[T]he mere happening of an unwitnessed mishap neither eliminates nor reduces a plaintiff's duty to effectively demonstrate causation[.]" *Id.* at 163. "Rather, the plaintiff must present

---

[4] Furthermore, while by no means dispositive, we note that this conclusion aligns with how this Court and our Supreme Court have been treating *Kandil-Elsayed* in pending cases involving MCL 691.1402a. See, e.g., *Logan v Southgate*, 512 Mich 918; 994 NW2d 493 (2023) (vacating this Court's pre-*Kandil-Elsayed* decision affirming summary disposition on the basis of the open-and-obvious doctrine and directing the trial court to expressly reconsider the issue in light of its holding in *Kandil-Elsayed*); *Jimenez v City of Lincoln Park*, unpublished per curiam opinion of the Court of Appeals, issued January 25, 2024 (Docket No. 364713), pp 4-5 (remanding to the trial court for reconsideration of its open-and-obvious analysis in light of *Kandil-Elsayed*); *Mann v Detroit*, unpublished per curiam opinion of the Court of Appeals, issued November 2, 2023 (Docket No. 361637), pp 3-4 (using *Kandil-Elsayed* framework to review the trial court's pre-*Kandil-Elsayed* analysis). Cf. *Gabrielson*, ___ Mich App at ___; slip op at 8 (finding, in orders by the Michigan Supreme Court remanding for reconsideration in light of *Kandil-Elsayed*, additional support for the conclusion "that our Supreme Court intended retroactive application of its holding in *Kandil-Elsayed*").

substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred." *Id*. at 164-165.

"On the other hand, legal cause or 'proximate cause' normally involves examining the foreseeability of consequences, and whether a defendant should be held legally responsible for such consequences." *Haliw*, 464 Mich at 310 (quotation marks and citation omitted). "To establish legal cause, the plaintiff must show that it was foreseeable that the defendant's conduct may create a risk of harm to the victim, and that the result of that conduct and intervening causes were foreseeable." *Weymers v Khera*, 454 Mich 639, 648; 563 NW2d 647 (1997) (quotation marks, citation, alteration, and ellipsis omitted). "If factual causation cannot be established, then proximate cause, that is, legal causation, is no longer a relevant issue." *Ray v Swager*, 501 Mich 52, 64; 903 NW2d 366 (2017).

Plaintiff's theory of causation in this case was that defendant's negligent maintenance of the sidewalk led to the development of a hazardous upheaval in the pavement across from 6188 Willow Road, which then caused his fall and resulting injuries during his bike ride. Because there were no witnesses to plaintiff's fall and plaintiff could not specifically detail striking the upheaval, plaintiff relied on circumstantial evidence to verify his causation theory. Plaintiff's GPS data indicated that he came to a sudden halt on his bike on defendant's sidewalk across from 6188 Willow Road. The police located plaintiff's bike in the same location immediately after plaintiff's fall, and plaintiff's brother recovered plaintiff's broken glasses in the same location when he returned several hours after the accident. The upheaval in the sidewalk was at that precise location and, as discussed, it spanned the entire width of the otherwise-flat sidewalk, it was approximately three inches high and 11 to 12 inches wide, and the crack running through its middle was approximately two inches wide. And, in its report, defendant clearly acknowledged that vertical discontinuities of two inches or higher, as well as tree root upheavals and horizontal gaps of approximately two inches—all of which were present in the upheaval in this case—all present a significant risk of injury to pedestrians and bikers. Based on this evidence, it is reasonable to infer, and a jury could reasonably determine, that it is more likely than not that plaintiff crashed his bike as a result of striking the upheaval in defendant's sidewalk. See *Skinner*, 445 Mich at 164, 167.

In arguing otherwise, defendant relies heavily on *Stefan v White*, 76 Mich App 654; 257 NW2d 206 (1977). *Stefan* is not strictly binding on this Court because it was decided prior to November 1, 1990, but it may be considered persuasive authority. *West Mich Annual Conference of the United Methodist Church v City of Grand Rapids*, 336 Mich App 132, 145; 969 NW2d 813 (2021), citing MCR 7.215(J)(1). *Stefan*, however, is not persuasive in this case. In *Stefan*, 76 Mich App at 655, the plaintiff fell in the defendant's home. The plaintiff stated at her deposition that she did not know what caused her to fall, but her theory was that she tripped over a metal strip in the defendant's home. *Id.* at 656-657. As the sole support for this theory, the plaintiff's husband provided an affidavit stating that he observed a metal strip protruding from the edge of the kitchen floor. *Id*. at 658. The plaintiff's husband, however, "did not see the fall," and his affidavit provided "no evidence linking [the metal] strip to the fall." *Id*. at 661. This Court affirmed the grant of summary disposition to the defendant, explaining that the plaintiff's theory of causation was based on "[o]nly conjecture" and that "[t]he mere occurrence of [the] plaintiff's fall [was] not enough to raise an inference of negligence on the part of [the] defendant." *Id*.

Plaintiff's evidence of causation in this case is not similarly deficient. As discussed, and unlike in *Stefan*, there is substantial circumstantial evidence in the record to demonstrate that plaintiff crashed as a result of the upheaval, including that plaintiff did, in fact, confront the upheaval, that the crash occurred in the location of the upheaval, and that the upheaval presented a significant risk of injury to pedestrians and bikers. Defendant suggests that the crash could have also occurred "because the bike's front tire was not properly fastened and spontaneously came off the bike." Defendant, however, points to no particular evidence to substantiate this theory, and there is record evidence to contrary: plaintiff testified that, before beginning his ride, he checked to ensure that the bike was in proper working condition, noting that he "made sure everything was working" and that nothing was "loose."

In sum, because the circumstantial evidence, when viewed in the light most favorable to plaintiff, is sufficient to establish a genuine issue of material fact regarding the issue of causation, defendant is not entitled to governmental immunity or judgment as a matter of law, and the trial court did not err by denying defendant's motion for summary disposition on this basis. See *McLean*, 289 Mich App at 597.

Affirmed.

/s/ Anica Letica
/s/ Mark T. Boonstra
/s/ Philip P. Mariani