*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TRACEY BENNETT,

Plaintiff-Appellant,

UNPUBLISHED
July 11, 2025
2:08 PM

v

No. 369693
Wayne Circuit Court
LC No. 22-006967-NI

CITY OF DETROIT,

Defendant-Appellee.

Before: MALDONADO, P.J., and BOONSTRA and WALLACE, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting defendant's motion for summary disposition. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On June 20, 2020, plaintiff tripped and fell while crossing Jefferson Avenue in Detroit. According to plaintiff, she tripped over a "bump" in the middle of the road, which caused her to fall. Plaintiff's foot and ankle were injured and required surgery. At her deposition, plaintiff denied contacting defendant either by telephone or in writing. However, according to defendant's records, plaintiff or someone on her behalf called defendant's City Law Department Claims Section, on June 30, 2020. Defendant's call log reflects plaintiff's name and address, and indicates that a "[t]rip and fall on Marlborough/Jefferson" had been reported.

Plaintiff retained counsel, and plaintiff's counsel sent defendant a letter on December 16, 2020, stating that plaintiff "slipped and fell while crossing the uneven pavement on the above cross streets" and that plaintiff had "suffered injuries." Plaintiff's counsel sent a second letter on

January 19, 2021, using the identical language. Defendant received a completed claim form on March 3, 2021.[1]

Plaintiff filed suit on June 13, 2022, alleging that she was injured by a defective roadway. After discovery, defendant moved for summary disposition, arguing that plaintiff had failed to serve notice of her injury upon defendant within 120 days of her injury as required by MCL 691.1404. Following a hearing in January 2024, the trial court granted defendant's motion. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Iovino v Mich*, 228 Mich App 125, 131; 577 NW2d 193 (1998). In deciding a motion for summary disposition under MCR 2.116(C)(7) (claim barred by governmental immunity), the court must review the pleadings and documentary evidence submitted by the parties, accept all well-pleaded allegations as true and consider them in the light most favorable to the nonmoving party, and determine whether the nonmoving party has established an exception to governmental immunity. *McGoldrick v Holiday Amusements, Inc*, 242 Mich App 286, 289-290; 618 NW2d 98 (2000).

We review de novo issues of statutory interpretation. *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007). An interpreting court should avoid any construction of a statute that renders portions of its language surplusage or nugatory. *Robinson v City of Lansing*, 486 Mich 1, 21; 782 NW2d 171 (2010).

## III. ANALYSIS

Plaintiff argues that the trial court erred by holding that plaintiff had failed to give the requisite notice of her injury to defendant under MCL 691.1404, and by granting defendant's motion for summary disposition on that basis. We disagree.

The governmental tort liability act (GTLA), MCL 691.1401 *et seq*., provides that a governmental agency is generally immune from tort liability while engaged in the exercise or discharge of a governmental function, apart from certain statutory exceptions. See MCL 691.1407(1); see also *Lash v Traverse City,* 479 Mich 180, 195 n 33; 735 NW2d 628 (2007). Defendant, a municipality, is a governmental agency under the GTLA. See MCL 691.1401(a) and (e). Plaintiff contends that her claim for bodily injury falls under the highway exception to governmental immunity set forth in in MCL 691.1402(1).

---

[1] We note that the claim form reflects a handwritten date of July 11, 2020, as well as a handwritten notarization date of July 17 (or perhaps 12), 2020, but that the claim form was not stamped "received" by defendant until March 3, 2021. Plaintiff acknowledged that she could not recall whether she had mailed the claim form to defendant, and plaintiff's counsel could offer no evidence of having done so either. In any event, plaintiff does not argue that the claim form was timely sent to defendant or that it constituted or provided the requisite notice under MCL 691.1404.

MCL 691.1404 governs notice to a governmental injury of bodily injury caused by a defective highway, and provides in relevant part:

> (1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3)[2] shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

> (2) The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency . . . .

In *Rowland*, our Supreme Court addressed the notice provision in MCL 691.1404 and held that "the plain language of this statute should be enforced as written: notice of the injuries sustained and of the highway defect must be served on the governmental agency within 120 days of the injury." *Rowland*, 477 Mich at 200. The Court overruled previous precedent that had engrafted an "actual prejudice" requirement onto the statute, see *id.* at 210-213, and concluded that "MCL 691.1404 is straightforward, clear, unambiguous, and not constitutionally suspect. Accordingly, we conclude that it must be enforced as written." *Id.* at 219. Therefore, "notice is adequate if it is served within 120 days and otherwise complies with the requirements of the statute, i.e., it specifies the exact location and nature of the defect, the injury sustained, and the names of the witnesses known at the time by the claimant, no matter how much prejudice *is actually suffered.* Conversely, the notice provision is not satisfied if notice is served more than 120 days after the accident *even if there is no prejudice.*" *Id.* at 219 (footnote omitted).

Although the notice provided by an injured person must comply with MCL 691.1404, the notice "need only be understandable and sufficient to bring the important facts to the governmental entity's attention." *Plunkett v Dep't of Transp*, 286 Mich App 168, 177; 779 NW2d 263 (2009). "Although under some circumstances this Court will conclude that a notice is sufficient despite a technical defect, the plaintiff must at least 'adequately' provide the required information." *McLean v Dearborn*, 302 Mich App 68, 75; 836 NW2d 916 (2013). See, also, *Brown v City of Sault St Marie*, 501 Mich 1064; 910 NW2d 300 (2018) (notice that the plaintiff suffered "severe and permanent injuries" was insufficient on its face to comply with the notice requirement of the highway exception to governmental immunity because it failed to specify the injury that plaintiff sustained in accordance with MCL 691.1404(1)). Deficiencies in the initial notice may be remedied by providing additional information to the governmental agency within the 120 day period. See *McLean*, 302 Mich App at 74-75 ("The required information does not have to be contained within the plaintiff's initial notice; it is sufficient if a notice received by the governmental agency within the 120–day period contains the required elements.").

This case is squarely controlled by *Rowland* and the plain language of MCL 691.1404. Plaintiff argues that her phone call to defendant ten days after her fall (the only communication

---

[2] MCL 691.1404(3) concerns injured persons under the age of 18, and is not applicable to this case.

with defendant within 120 days of her injury) satisfies the requirements of MCL 691.1404(1), because nothing in the language of the subsection requires written notice. We disagree. Plaintiff's argument ignores the fact that MCL 691.1404(1) explicitly requires that a notice be *served* on the governmental agency. The very next subsection provides that such service may be made "either personally, or by certified mail, return receipt requested . . . ." MCL 691.1404(2). Plaintiff has provided no authority, and this Court has found none, for the proposition that personal service in Michigan may be accomplished via a telephone call. We therefore need not go beyond the plain language of the statute to find plaintiff's argument meritless and to affirm the trial court's grant of summary disposition. *Rowland*, 477 Mich at 200.

Additionally, plaintiff testified at her deposition that she did not remember calling defendant at all, and defendant's call log contains only a terse phrase "Trip and fall on Marlborough/Jefferson." Viewed in the light most favorable to the plaintiff, *McGoldrick*, 242 Mich App at 289-290, the evidence presented to the trial court showed that plaintiff's purported oral notice to defendant fell woefully short of providing an adequate description of the location and nature of the defect, and neglected entirely to provide a description of the injury suffered or a list of any known witnesses to the injury. See MCL 691.1404(1), *Rowland*, 477 Mich at 219. Even if we were to hold that a plaintiff could provide the required notice via a telephone call, we would still find that plaintiff's notice failed to satisfy even the most liberal construction of MCL 691.1404(1)'s requirements. See *McLean*, 302 Mich App at 77 (stating that the plaintiff's description of her injuries as "significant injuries" without further elaboration was "wholly inadequate" and holding that "plaintiff cannot be deemed to have complied, substantially or otherwise, with this statutory requirement").

Plaintiff also argues that even if she failed to comply with the notice requirement of MCL 691.1404, defendant still had constructive notice under MCL 691.1403. Plaintiff's argument concerning MCL 691.1403 is inapposite. MCL 691.1403 provides that a governmental agency is not liable for a highway defect unless it "knew, or in the exercise of reasonable diligence should have known, of the existence of the defect and had a reasonable time to repair the defect before the injury took place," and further states that "[k]nowledge of the defect and time to repair the same shall be conclusively presumed when the defect existed so as to be readily apparent to an observant person for a period of 30 days or long before the injury took place." As the trial court correctly observed, MCL 691.1403 "talks about knowledge, not notice." Nothing in MCL 691.1403 indicates that the notice requirement of MCL 691.1404 is waived or otherwise inapplicable if a plaintiff can show that the governmental agency knew or should have known of the defect. In fact, to hold otherwise would (1) render MCL 691.1404(1)'s requirements concerning notice of the nature of the injury and potential witnesses nugatory and (2) engraft a requirement onto the statute very similar to the actual prejudice requirement rejected by *Rowland*. *Robinson*, 486 Mich at 21; *Rowland*, 477 Mich at 219. We decline to do so.

For these reasons, the trial court did not err by granting defendant's motion for summary disposition. *Iovino*, 228 Mich App at 131.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Mark T. Boonstra
/s/ Randy J. Wallace