*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMBER CASADY, as Personal Representative of
the ESTATE OF RANDALL CASADY, and DIANE
SULIS,

        Plaintiffs-Appellees,

CITY OF PONTIAC,

        Defendant-Appellant,

and

CURBCO, INC.,

        Defendant.

UNPUBLISHED
December 20, 2024
8:33 AM

No. 365416
Oakland Circuit Court
LC No. 2021-188116-NO

Before: N. P. HOOD, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

Defendant city of Pontiac (Pontiac) appeals as of right the trial court's order denying its motion for summary disposition pursuant to MCR 2.116(C)(7) (governmental immunity) and (10) (no genuine issue of material fact). We reverse and remand.

## I. FACTS AND PROCEDURAL HISTORY

Plaintiffs, Diane Sulis and Randall Casady,[1] were injured in a moped accident in Pontiac, Michigan. The accident occurred in July 2020 when Casady was driving a moped on State Street and hit a defect in the road. The defect caused Casady and his passenger, Sulis, to fall off the moped, resulting in their injuries. Plaintiffs filed suit for negligence and gross negligence, alleging

---

[1] Randall Casady initially pursued this action in his own name, but has since died. The trial court entered a stipulated order substituting his estate as a plaintiff and amending the caption. For purposes of this opinion, our use of the term "plaintiffs" refers to Sulis and Casady.

-1-

that Pontiac was liable for their injuries under MCL 691.1402, the highway exception to the governmental tort liability act (GTLA), MCL 691.1401 *et seq*. Pontiac moved for summary disposition, arguing that plaintiffs' claims were barred by governmental immunity because plaintiffs had failed to serve an individual who may lawfully be served with civil process, as MCL 691.1404 requires. Pontiac also argued that plaintiffs had failed to establish a genuine issue of material fact that Pontiac could be held liable for the defect in the road. The trial court denied Pontiac's motion for summary disposition. This appeal followed.

## II. NOTICE

Pontiac argues that the trial court erred by finding that plaintiffs properly served Pontiac with the notice required by MCL 691.1404. We agree.

### A. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). "MCR 2.116(C)(7) provides that a motion for summary disposition may be raised on the ground that a claim is barred because of immunity granted by law." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010).

> When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate. [*Id*. at 428-429 (citations omitted).]

This case also involves issues of statutory interpretation, which we review de novo. *Wilcoxon v Detroit Election Comm*, 301 Mich App 619, 631; 838 NW2d 183 (2013). "The rules of statutory construction provide that a clear and unambiguous statute is not subject to judicial construction or interpretation. If the language of the statute is plain and unambiguous, effect must be given to the words used, and judicial construction is neither necessary or permitted." *Id*. (citation omitted).

### B. LAW AND ANALYSIS

Unless one of five exceptions apply, the GTLA extends immunity from tort liability to governmental agencies and their employees when they are engaged in the exercise or discharge of a governmental function. *Wigfall v Detroit*, 504 Mich 330, 337; 934 NW2d 760 (2019). One such exception is the highway exception. MCL 691.1402(1). To recover under the highway exception, plaintiffs must comply with the notice requirements of MCL 691.1404. Our Supreme Court has held that the notice requirement is "straightforward, clear, and unambiguous" and "must be enforced as written." *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 219; 731 NW2d 41 (2007).

MCL 691.1404 states, in relevant part:

> (1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred . . . shall serve a notice on the governmental agency of the occurrence of the injury and defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

> (2) The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding. . . . [MCL 691.1404(1) and (2).]

Service of a governmental agency is governed by MCR 2.105(G)(2):

> Service of process on a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, or public body may be made by serving a summons and a copy of the complaint on:

> \* \* \*

> (2) the mayor, the city clerk, or the city attorney of a city;

> \* \* \*

> The service of process may be made on an officer having substantially the same duties as those named or described above, irrespective of title. In any case, service may be made by serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made and sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office.

"Failure to provide adequate notice under [MCL 691.1404] is fatal to a plaintiff's claim against a government agency." *McLean v Dearborn*, 302 Mich App 68, 74; 836 NW2d 916 (2013).

In this case, plaintiffs sent their notice of intent to "City of Pontiac Department of Public Works" via certified mail. The return receipt was signed by Gladys Smith, an employee of the Department of Public Works. Plaintiffs' notice was therefore defective because it was not served upon "the mayor, the city clerk, or the city attorney" of Pontiac, or "an officer having substantially the same duties[,]" as required by MCR 2.105(G)(2). This defect was fatal to plaintiffs' case, *McLean*, 302 Mich App at 74, and the trial court erred by failing to grant Pontiac's motion for summary disposition on this basis.

We are not persuaded by plaintiffs' argument that the word "may" in MCL 691.1404 and MCR 2.105(G)(2) is a permissive term that allowed service of process on any city department in

Pontiac. Plaintiffs' argument glosses over the fact that the permissive[2] term "may" is used in the context of three individuals—the mayor, the city clerk, or the city attorney—or "an officer having substantially the same duties[.]" MCR 2.105(G)(2). Plaintiffs have cited no authority that supports their broad construction of MCL 691.1404 or MCR 2.105(G)(2).

Plaintiffs' argument is further undermined by our Supreme Court's holding in *Wigfall*, 504 Mich 330. In *Wigfall*, plaintiffs served their notice to the Law Department of the City of Detroit, not Corporation Counsel[3] which is Detroit's city attorney. *Wigfall*, 504 Mich at 333-334. The Court concluded that notice to the Law Department was nevertheless proper under agency law. The Court reasoned that it was "clear that the Law Department is an agent of the Corporation Counsel" because it was the administrative head of the law department and had the right to control the Law Department. *Id*. at 342. Therefore, as Corporation Counsel's agent, the Law Department had the authority to receive the notice required by MCL 691.1404(2).

We disagree with plaintiff that *Wigfall* supports the proposition that notice need only "substantially comply" with MCL 691.1404(2). Nor do we agree that *Wigfall* can be read as construing MCL 691.1404(2) to permit service on any municipal department that is "authorized to investigate the claim." *Wigfall* merely concludes that service may be perfected on "the mayor, the city clerk, or the city attorney," or their agent. In this appeal, plaintiffs do not explain why Smith, in her capacity as a Department of Works employee, was an agent of "the mayor, the city clerk, or the city attorney" of Pontiac, MCR 2.105(G)(2), such that plaintiffs could be seen as complying with MCL 691.1404(2).

Because plaintiffs' notice failed to satisfy the requirements of MCL 691.1404, consideration of Pontiac's motion for summary disposition under MCR 2.116(C)(10) is unnecessary because summary disposition was warranted under MCR 2.116(C)(7).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Thomas C. Cameron
/s/ Anica Letica

---

[2] "[T]he term 'may' is typically permissive[.]" *Walters v Nadell*, 481 Mich 377, 383; 751 NW2d 431 (2008).

[3] In a footnote, the Court recognized that Corporate Counsel was the de facto "city attorney" because it had " 'substantially the same duties as' a city attorney." *Wigfall*, 504 Mich at 333 n 1, citing MCL 600.1925.